[No. 22875–7–I.   Division One.   April 16, 1990.]

RALPH N. SINGER, *Appellant,* v. DONN ETHERINGTON, JR., ET AL, *Respondents.*

*David T. Spicer* and *Appelwick, Trickey, Sluiter & Spicer,* for appellant.

*Stephen R. Durkee, Stephen P. Hennessey,* and *Durkee & Associates,* for respondents.

FORREST, J.—Ralph Singer (Singer), d/b/a Star Construction Company, Inc., appeals from the trial court's judgment in favor of Donn Etherington (Etherington), d/b/a D.E. Construction, Inc., and from the denial of his CR 60 motion to vacate the judgment.

Donn Etherington was the general contractor on a Seattle construction project. Etherington orally contracted with Ralph Singer to perform certain sewer and electrical installation work for $12,749. Etherington began work on the project in June 1984. He scheduled Singer to begin work on July 5, 1984, and confirmed this date with Singer. Singer failed to begin on the anticipated date. Etherington was unable to contact him or to find a replacement contractor, causing a 2–week delay.

Because the sewer work was performed out of schedule, the project was later delayed an additional 2 weeks. Upon completion of his work, Singer billed Etherington $13,743.96. By June 14, 1985, Etherington had paid $4,753.17. He withheld the balance, claiming Singer's delays had made completion of the project more costly. After Singer filed suit against Etherington, the matter was referred to mandatory arbitration. Etherington offered $2,500 in settlement pursuant to RCW 4.84.280 prior to arbitration. It was rejected. The arbitrator found for Singer

in the sum of $9,115.70 and against Etherington on his counterclaim. Etherington appealed.

After a trial de novo, the trial court held that Singer had breached his oral contract by causing delays which totaled 4 weeks. The court concluded the delays caused by Singer resulted in additional construction financing interest costs totaling $9,136.61. It relied upon the testimony of Donn Etherington and upon exhibit 9, which was admitted into evidence over the objection of plaintiff's counsel, to establish the interest to be paid by Singer. The court found that Etherington still owed Singer $9,115.70. The net amount awarded Etherington was $20.91. Based on Etherington's offer of settlement pursuant to RCW 4.84.280, the court awarded reasonable attorney fees of $3,000, for a total judgment amount of $3,020.91.

Singer subsequently obtained new legal counsel. In his motion to vacate, Singer noted that exhibit 9 had been prepared by Karen Freeman of Seattle Mortgage Company, whose deposition had recently been taken. He alleged fraud by Etherington in responses to questions about exhibit 9 as the basis for vacating the judgment. His motion was denied. This appeal followed.

## MEASURE OF DAMAGE

The controlling issue on appeal is the appropriate measure of damages resulting from delays caused by Singer. The 4–week cumulative delay in completion found by the trial court (findings of fact 4, 5) is fully supported by the record. Finding of fact 6,[1] which concludes that the measure of damages resulting from such delay is 1 month's interest on the construction loan, is not. No evidence

---

[1] "*Because of the delays attributable solely to Star, first because Star failed to arrive when scheduled in July, and second, because the disruption caused when sewer electrical work was performed out of sequence in October and November, 1984, D.E. incurred additional construction financing interest costs for a four week period, totaling $9,136.61.*"

establishes that if Singer had performed in a timely fashion, Etherington would have been able to pay off the total loan by the hypothetical completion date of December 31.

It was contemplated that the construction loan would be paid off with proceeds from the sale of the condominiums being built and that was exactly what was done. The fact that the "construction loan" was satisfied when converted by Etherington to a "permanent financing loan", which in turn was paid off as the condominiums were sold, is immaterial. If construction had been completed as scheduled, presumably the "construction loan" would have been satisfied a month earlier and the "financing loan" put in place a month earlier. Etherington would have continued to owe money and pay interest on the new loan. The designation on the bank's books of the money owed as the "construction loan" for an additional month caused no damages. Instead, damages were caused by the delay in securing funds from condominium sales, not from delay in substituting one loan for another.

Singer recognizes in his brief that his late performance may have caused delay in closing some sales, which would then cost Etherington additional interest. The findings do not establish the amount of delay in receiving funds from sales attributable to Singer's tardy performance. Without such findings, the interest expense cannot be computed properly. Upon remand, the trial court may take such testimony as it deems appropriate to calculate any additional interest that Etherington had to pay because of delay in closing sales caused by Singer's late performance. Such amount will be an offset to the $9,115.70 the court found owed to Singer on the contract.

The admission of exhibit 9 without proper foundation was error, but in view of the deposition testimony of Karen Freeman, it will clearly be admissible in further proceedings. Singer's CR 60 motion is now moot.

ATTORNEY FEES

Singer urges the court to hold that when an offer of settlement is made by a defendant prior to arbitration and the plaintiff prevails, the offer "lapses" for purposes of awarding attorney fees pursuant to RCW 4.84.270[2] upon trial de novo if the defendant then prevails. We disagree.

A trial de novo in superior court is actually an appeal, making RCW 4.84.290[3] applicable. In *Valley v. Hand,*[4] for example, the plaintiff had prevailed in both small claims court and on trial de novo. The Court of Appeals reversed the Superior Court's denial of attorney fees to the plaintiff, holding that "the proceedings in the Superior Court constituted an appeal within the meaning of RCW 4.84.290, even though [the] scope of review is trial de novo." *Valley,* at 172.[5]

A mandatory arbitration proceeding is treated as the original trial when applying RCW 4.84.290. The trial de novo is the appeal. The first paragraph of the statute directs the court to apply RCW 4.84.250 (which requires

---

[2]"The defendant, or party resisting relief, shall be deemed the prevailing party within the meaning of RCW 4.84.250, if the plaintiff, or party seeking relief in an action for damages where the amount pleaded, exclusive of costs, is equal to or less than the maximum allowed under RCW 4.84.250, recovers nothing, or if the recovery, exclusive of costs, is the same or less than the amount offered in settlement by the defendant, or the party resisting relief, as set forth in RCW 4.84.280."

[3]"If the case is appealed, the prevailing party on appeal shall be considered the prevailing party for the purpose of applying the provisions of RCW 4.84.250: *Provided,* That if, on appeal, a retrial is ordered, the court ordering the retrial shall designate the prevailing party, if any, for the purpose of applying the provisions of RCW 4.84.250.

"In addition, if the prevailing party on appeal would be entitled to attorneys' fees under the provisions of RCW 4.84.250, the court deciding the appeal shall allow to the prevailing party such additional amount as the court shall adjudge reasonable as attorneys' fees for the appeal."

[4]38 Wn. App. 170, 684 P.2d 1341, *review denied,* 103 Wn.2d 1006 (1984).

[5]*See also Harold Meyer Drug v. Hurd,* 23 Wn. App. 683, 598 P.2d 404 (1979) (RCW 4.84.290 applied when appellant appealed from District Court decision to the Superior Court).

reference to RCW 4.84.260 and .270) to determine the prevailing party. Attorney fees are then awarded for the lower court proceeding if a party is the prevailing party on appeal and is a prevailing party within the meaning of RCW 4.84-.260 or .270. The second paragraph directs the court to award to the prevailing party, pursuant to RCW 4.84.250, attorney fees for the appeal. The language of the statute, "the prevailing party on appeal", is undefined. The prevailing party on appeal, then, is the one which substantially prevails in the action.[6] The court looks to what the parties have achieved at trial in making this determination.[7]

RCW 4.84.250 has previously been applied in mandatory arbitration proceedings. In *Klebs v. Yim*,[8] the plaintiffs prevailed in mandatory arbitration and received attorney fees based on a prearbitration offer of settlement. The defendant sought a trial de novo in superior court. The court dismissed the plaintiffs' complaint and awarded attorney fees and costs pursuant to RCW 4.84.250. The Court of Appeals affirmed. The court rejected the plaintiffs' argument that an award of attorney fees under RCW 4.84-.250 would render the language of MAR 7.3 meaningless. The court stated that the "language of MAR 7.3 does not prohibit the trial court from making an award of attorney fees under RCW 4.84.250." *Klebs,* at 48. The court explained that such an interpretation furthered the purpose of MAR 7.3 by discouraging meritless appeals.[9]

Here, Singer prevailed in arbitration. He recovered nothing in superior court. Under RCW 4.84.270, a defendant is a prevailing party if the plaintiff recovers either nothing or a

---

[6]*American Fed. Sav. & Loan Ass'n v. McCaffrey,* 107 Wn.2d 181, 195, 728 P.2d 155 (1986).

[7]*Richter v. Trimberger,* 50 Wn. App. 780, 784, 750 P.2d 1279 (1988).

[8]54 Wn. App. 41, 772 P.2d 523 (1989).

[9]*Klebs,* at 48–49.

sum not exceeding that offered by the defendant in settlement.[10] Therefore, defendant Etherington was the prevailing party.

On remand, if Etherington fails to improve his position with respect to the arbitrator's decision, he must pay Singer's appellate attorney fees under MAR 7.3. If Etherington improves his position in any amount from the arbitration award, MAR 7.3 will not apply. If Etherington improves his position to the point that Singer recovers less than $2,500 (the amount Etherington offered in settlement), Etherington will be the prevailing party under RCW 4.84.270. Therefore, he will be entitled to attorney fees under RCW 4.84.250 for the arbitration proceeding. Etherington will also be the prevailing party on appeal in superior court. Because he will be the prevailing party on appeal, and will be entitled to attorney fees under RCW 4.84.250 for the arbitration proceeding, he will also be entitled to attorney fees under RCW 4.84.290 for the various stages of his appeal (*i.e.,* to superior court, to the Court of Appeals, and upon remand).

If, however, Etherington improves his position but Singer still recovers more than $2,500, Etherington will not be the prevailing party under RCW 4.84.270. Therefore, he will not be entitled to attorney fees under RCW 4.84.250 or RCW 4.84.290.

Singer did not offer to settle. He will not therefore, be the prevailing party under RCW 4.84.260 even if Etherington fails to establish a counterclaim.[11] Similarly, he will not be the prevailing party under RCW 4.84.250 because the

---

[10]*See Kingston Lumber Supply Co. v. High Tech Dev. Inc.,* 52 Wn. App. 864, 867–68, 765 P.2d 27 (1988), *review denied,* 112 Wn.2d 1010 (1989).

[11]Under RCW 4.84.260, a plaintiff must offer to settle as a precondition to an award of attorney fees. The statute reads: "The plaintiff, or party seeking relief, shall be deemed the prevailing party within the meaning of RCW 4.84.250 when the recovery, exclusive of costs, is as much as or more than *the amount offered in settlement by the plaintiff, or party seeking relief,* as set forth in RCW 4.84.280." (Italics ours.) Here, Singer made no offer of settlement.

language of the statute (*i.e.,* "as hereinafter defined") incorporates RCW 4.84.260.

Reversed and remanded for further proceedings not inconsistent with this opinion.

COLEMAN, C.J., and WEBSTER, J., concur.