[No. 11797-9-III.   Division Three.   April 22, 1993.]

FLORRENCE (SUSIE) TRUSLEY, *Appellant,* v. JIM STATLER, ET AL, *Respondents.*

*Robert W. Bjur,* for appellant.

*Kevin S. Kirkevold,* for respondents.

THOMPSON, A.C.J. — Florrence Trusley appeals a superior court judgment confirming a mandatory arbitration award. The dispositive issue is whether the court erred when it awarded attorney fees to the defendants, Jim and Mei-Lynne Statler, pursuant to RCW 4.84.250 *et seq.*, the offer of settlement statute.[1] We reverse.

In July 1990, Ms. Trusley filed this action against the Statlers, alleging they breached an agreement with her to manage their cardroom at the Twin Bridges Inn. In their answer, the Statlers asked for attorney fees under RCW 4.84.185 for defending what they characterized a frivolous claim. The action was referred to mandatory arbitration. On April 16, 1991, the arbitrator dismissed Ms. Trusley's complaint with prejudice, but denied the Statlers' request for attorney fees under RCW 4.84.185.

In July 1991, the Statlers moved the Superior Court for judgment on the arbitrator's award. They also asked the court to award them reasonable attorney fees under RCW 4.84.250, based upon an offer of settlement they had served upon Ms. Trusley before the arbitration hearing. The Superior Court

---

[1]RCW 4.84.250 reads: "[I]n any action for damages where the amount pleaded [is ten thousand dollars or less], there shall be taxed and allowed to the prevailing party . . . a reasonable amount to be fixed by the court as attorneys' fees."

RCW 4.84.270 provides: "The defendant . . . shall be deemed the prevailing party within the meaning of RCW 4.84.250, if the plaintiff . . . recovers nothing, or if the recovery, exclusive of costs, is the same or less than the amount offered in settlement by the defendant . . .".

ordered Ms. Trusley to pay the Statlers' attorney fees in the amount of $2,442.30.

MAR 3.2 states that "[a]n arbitrator has the authority to: . . . (8) Perform . . . acts as authorized by . . . local rules . . .". Under Yakima County Local Mandatory Arbitration Rule 3.2(b), the Yakima County Superior Court delegated the authority to award attorney fees in mandatory arbitration hearings to the arbitrator.[2] Thus, Ms. Trusley contends only the arbitrator could award attorney fees. The Statlers counter the Superior Court retained authority to rule on requests not presented to the arbitrator.

"RCW 4.84.250 has previously been applied in mandatory arbitration proceedings." *Singer v. Etherington*, 57 Wn. App. 542, 547, 789 P.2d 108 (1990) (citing *Klebs v. Yim*, 54 Wn. App. 41, 772 P.2d 523 (1989)). Neither *Klebs* nor *Singer* addressed whether the arbitrator or the superior court was the proper entity to make the award. *Klebs* held MAR 7.3, which provides for an award of attorney fees incurred in a trial de novo, did not prohibit an award of fees under RCW 4.84.250 for defense of the entire action, including proceedings in arbitration. *Klebs*, at 48. *Singer* held that a party who had made an offer of settlement before an arbitration hearing (but was the losing party at arbitration) did not have to make another offer of settlement before the trial de novo in order for RCW 4.84.250 *et seq.* to apply. *Singer*, at 548.

■ *Singer* and *Klebs* involved de novo trials in superior court. Here, Ms. Trusley did not seek a trial de novo. In these circumstances, the Statlers are limited to judgment on the arbitrator's award. *See* MAR 6.3 which provides that the prevailing party "shall present to the court a *judgment on the award of arbitration* for entry as the final judgment". (Italics ours.) Since the Statlers did not ask the arbitrator to exercise his delegated authority and award them attorney fees under RCW 4.84.250 for the arbitration hearing, fees

---

[2]The local rule provides that an arbitrator may "[a]ward attorney's fees as authorized by these rules[,] by contract[,] or by law."

were not part of the arbitration award. Consequently, they cannot become part of the final judgment. Both parties, by not asking for a trial de novo, accepted the arbitrator's award and may not alter it by requesting action by the Superior Court which would amend that award. The fee award was not proper.

Reversed.

MUNSON and SWEENEY, JJ., concur.