[No. 44949-4-I.    Division One.    April 24, 2000.]

TERESA KING, *Appellant*, v. WESTERN UNITED ASSURANCE
COMPANY, *Respondent*.

*Robert Harold Stevenson*, for appellant.
*Steven Walter Klug*, for respondent.

BAKER, J. — When full value is given in a transaction in exchange for a promissory note, a party is not entitled to relief under the usury laws when the stated interest rate of the contract is not usurious—notwithstanding the fact that the note was subsequently resold at a discount or that the party might have been able to obtain a better deal by offering cash in the transaction rather than an installment note. We affirm summary judgment dismissing a usury claim. We also reverse the trial court's refusal to award attorney fees to the respondent.

## I

Teresa King was interested in purchasing a home, and spoke with a real estate agent regarding a house that Todd and Weatherly Schiele had listed for sale. King contends that the agent told her that she could purchase the home for somewhere between $43,000 and $46,000 cash, although the listed price was $59,900. King was unable to raise sufficient cash to purchase the home, but the agent advised King that she could still buy the property if she provided the Schieles with a contract that they could resell to a buyer of their choice.

King thereafter signed a residential real estate purchase and sale agreement in which she agreed to purchase the property for $59,900, with a cash down payment of $5,900, and the balance of $54,000 in installments at 8 percent interest per annum. She also agreed that her sale was subject to the Schieles' resale of the contract to a "contract buyer of seller's choice." King executed a promissory note and deed of trust in favor of the Schieles for $54,000. Three days later the Schieles assigned that note and deed of trust to Fidelity Contract Services, Inc. (Fidelity), a note broker, in exchange for $45,623 cash. Ten days thereafter, Fidelity reassigned the note and deed of trust to Western United Assurance Company (Western). Western had bid, through

an agent, to purchase the promissory note and deed of trust from Fidelity for $49,359.41.

King filed suit to declare the transaction a subterfuge for payment of usurious interest. Both King and Western moved the trial court for summary judgment. The trial court granted summary judgment in favor of Western. The trial court denied Western's request for attorney fees under the contract, but awarded it statutory attorney's fees of $125.00. King appeals the summary judgment in favor of Western, and Western cross-appeals the denial of its request for attorney fees.

## II

■ "The party seeking to establish usury must produce evidence of the existence, at the inception of the contract, of each of the elements of usury."[1] Those elements are:

> (1) a loan or forebearance, express or implied; (2) money or its equivalent constituting the subject matter of the loan or forbearance; (3) an understanding between the parties that the principal shall be repayable absolutely; (4) the exaction of something in excess of what is allowed by law for the use of the money loaned or for the benefit of the forbearance; and . . . (5) an intent to exact more than the legal maximum for the loan or forbearance.[2]

■ By its terms, this contract is not usurious. Presuming that King can establish the first three elements of a usurious transaction, her claim of usury fails because she cannot establish the fourth element, namely "the exaction of something in excess of what is allowed by law for the use of the money."[3] By law, an interest rate of 12 percent is permissible.[4] The contract bears an interest rate of 8 percent.

---

[1]*Maynard v. England*, 13 Wn. App. 961, 966, 538 P.2d 551 (1975).

[2]*Schmitt v. Matthews*, 12 Wn. App. 654, 658, 531 P.2d 309 (1975).

[3]*Schmitt*, 12 Wn. App. at 658.

[4]RCW 19.52.010.

Nonetheless, King contends that the transaction here was usurious because she could have purchased the home from the Schieles for $45,623 cash. She further claims that she agreed to sign a note for $54,000, and to make a $5,900 cash down payment because she was a necessitous borrower and didn't have $45,623 cash. Thus, King further states:

> If we compare what King received ($45,623) with what the money cost her ($54,000) and the $5,900 down payment, the difference is $14,277. Amortized over five years of the loan, the annual rate of interest in this case is 15.841%. This is well over the allowable 12% per annum rate.

King's argument is based upon the erroneous assumption that she received $45,623. She did not. King was never given cash in any amount by anyone. Instead, she was given title to a house with an independently appraised value of $60,000. King's argument mischaracterizes the transaction.

King presented no evidence of collusion between Western and the Schieles which would raise a suspicion that she received less than full value for the home she purchased. There is no relevance to the fact that the Schieles might have been desperate for cash, or that King might have been able to bargain for a lower price on different terms. Simply put, there is no merit to any argument that King received less than full value from the Schieles in exchange for her note and down payment. "If value has once been given, a note may be discounted subsequently in any amount insofar as the question of usury is concerned."[5] Under these facts, the Schieles' resale of the contract at a discount does not give rise to a usury claim.

King failed to produce evidence of the existence of each of the elements of usury. The trial court did not err in dismissing her suit on summary judgment.

### III

On cross appeal, Western contends that the trial

---

[5]*Maynard*, 13 Wn. App. at 967.

court erred in not awarding reasonable attorney fees to Western because RCW 4.84.330 requires such an award to Western as the "prevailing party" in an action on the note. The promissory note provides that:

If action be instituted on this note, Maker agrees to pay such sums as the Court may fix as attorney's fees.

RCW 4.84.330 provides, in relevant part:

In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

Thus, under RCW 4.84.330, either King or Western would be entitled to attorney fees as a prevailing party in an action on the note. Here, Western was the prevailing party in an action brought by King to declare invalid provisions of the contract, and Western should accordingly be awarded attorney fees. However, in *Castronuevo v. General Acceptance Corp.*[6] this court held that a specific attorney fees provision of the usury statute, RCW 19.52.032,[7] conflicted with and superceded the general attorney fees provision of RCW 4.84.330.

Western argues that *Castronuevo* was wrongly decided. Under the policy of stare decisis, we are exceedingly

---

[6] 79 Wn. App. 747, 754-55, 905 P.2d 387 (1995).

[7] RCW 19.52.032 reads:

The debtor, if a natural person, or the creditor may bring an action for declaratory judgment to establish whether a loan or forbearance contract is or was usurious, and such an action shall be considered an action on the contract for the purposes of applying the provisions of RCW 19.52.030. . . . If the debtor commences such an action and fails to establish usury, and if the court finds the action was frivolously commenced, the defendant or defendants may, in the court's discretion, recover reasonable attorney's fees from the debtor.

reluctant to disagree with recent opinions.[8] Although *Castronuevo* was recently decided, we will depart from such precedent if it is demonstrably "incorrect or harmful."[9] That test is met here. RCW 19.52.032 does not provide that the maker of a note can be ordered to pay attorney fees in a usury action *only* if the action is frivolous. RCW 19.52.032 complements RCW 4.84.330. The statutes do not conflict, and we disagree with our holding to the contrary in *Castronuevo*. The holding of *Castronuevo* conflicts with the statutory scheme set forth by the Legislature and inequitably shields a promisor from liability for attorney fees in the context of an unmeritorious action on a note brought under the usury statute.[10] We thus decline to follow *Castronuevo*, and hold that Western should be awarded attorney fees as the prevailing party in this action.

Affirmed with respect to summary judgment in favor of Western concerning King's usury claim; reversed and remanded to the trial court with respect to Western's counterclaim for attorney fees.

BECKER, A.C.J., and GROSSE, J., concur.

Review denied at 141 Wn.2d 1027 (2000).

---

[8]*See, e.g., State v. Berlin*, 133 Wn.2d 541, 554, 947 P.2d 700 (1997) (Alexander, J., dissenting).

[9]*Berlin*, 133 Wn.2d at 547.

[10]*Berlin*, 133 Wn.2d at 547-48.