165 P.3d 375 (2007)
Ralph MERCIER, a married man in his individual capacity, Appellant,
v.
GEICO INDEMNITY COMPANY, a foreign insurer, Respondent.
No. 58813-3-I.
Court of Appeals of Washington, Division 1.
July 30, 2007.
*376 Kevin M. Winters, Hawkes Law Firm PS, Seattle, WA, for Appellant.
Paul Lawrence Crowley, Mary E. Owen & Associates, Seattle, WA, for Respondent.
BECKER, J.
¶ 1 Appellant Ralph Mercier's suit against his insurance company for underinsured motorist benefits was submitted to mandatory arbitration under RCW 7.06. The arbitrator awarded $36,000 in damages. The superior court entered judgment for $1,000 after subtracting the amounts Mercier had already received in medical benefits and from the other driver's insurance. Mercier contends the superior court improperly "amended" the arbitration award and that the court should have instead entered judgment on the award for the full $36,000.
¶ 2 Mandatory arbitration is conceptually distinct from private contractual arbitration.[1] The case remains within the superior court's jurisdiction at all times. If an arbitrator determines that a particular issue is beyond the permitted scope of arbitration, the superior court can decide the issue and its decision is not an improper "amendment" of the arbitration award. Here, because the arbitrator ruled that he lacked authority to decide issues of setoff and offset, the superior court needed to decide these issues in order to complete the adjudication of the case. We conclude the court properly deducted sums previously paid to Mercier from the total damage award before entering judgment.

FACTS
¶ 3 Ralph Mercier's car was rear-ended while he was stopped at a stop sign on August 4, 2004. Mercier sustained injuries. The other driver had liability insurance coverage with limits of $25,000. Mercier had an auto insurance policy with GEICO Indemnity Company with limits of $100,000 per person in underinsured motorist coverage and $10,000 in personal injury protection coverage. Mercier's policy provided that amounts paid by GEICO under the UIM coverage for damages that Mercier was legally entitled to recover would be reduced by sums paid on behalf of the at-fault driver.[2]
¶ 4 GEICO paid Mercier $10,000 for his medical expenses under the personal injury protection coverage. The tortfeasor's insurance company paid Mercier the limits of $25,000. Mercier notified GEICO that he had a claim for underinsured motorist benefits, as he believed the sum of $35,000 did not fully compensate him for his injuries. GEICO and Mercier were unable to agree on what amount, if any, Mercier was entitled to receive.
¶ 5 The contract of insurance between GEICO and Mercier provides that such a dispute may be resolved in a private arbitration or alternatively in court:
1. If you and we do not agree (i) whether you are legally entitled to recover damages under this coverage based upon *377 the liability facts of the accident or (ii) to the proper amount of such damages, the dispute may be resolved:
(a) in a binding, voluntary arbitration proceeding as described in paragraph 2 below, or
(b) by civil lawsuit brought by you in a court of competent jurisdiction.
2. . . . If agreement cannot be reached on selection of an arbitrator, paragraph 1(b) of this section shall apply. . . . [[3]]
Mercier and GEICO could not agree on the selection of a private arbitrator, so Mercier proceeded under paragraph 1(b). He filed suit in King County Superior Court in October 2005.
¶ 6 Counties have statutory authority to provide for mandatory arbitration for all civil actions where "the sole relief sought is a money judgment" and where no party asserts a claim in excess of a certain dollar limit. RCW 7.06.020. King County has approved mandatory arbitration for claims not in excess of $50,000. Mercier moved his case into mandatory arbitration in December 2005. The issue raised by Mercier's complaint was whether he was entitled to judgment against GEICO "for UIM insurance coverage benefits in the amount of his collision damages, as proven."[4] GEICO's answer put the amount of such damages into dispute, and it also alleged, as an affirmative defense, GEICO's entitlement to "a setoff of any monies paid on its behalf."[5]
¶ 7 In a private arbitration the task of the arbitrator is typically limited by the insurance contract to a determination of the tortfeasor's liability and calculation of total damages, while coverage issues  including the insurance company's right to a setoff  are to be resolved by a court. See Price v. Farmers Ins. Co., 133 Wash.2d 490, 498-99, 946 P.2d 388 (1997). GEICO contends that this division of labor must also occur when the matter is referred to mandatory arbitration. Mercier contends that there is no such limitation on what the arbitrator can decide. In his view, the arbitrator not only has to determine the total collision damages, but must also deduct the amount of liability coverage available, in order to arrive at an award establishing the net UIM payment owed by the insurer.
¶ 8 Shortly before the arbitration, arbitrator Joel Bradshaw ruled that references to amounts of money available from insurance would be inadmissible in the arbitration. Mercier asked him to reconsider this ruling. Mr. Bradshaw refused in a letter dated July 6, 2006 which reads, in its entirety, as follows:
I have now had an opportunity to review both parties submittals on Plaintiff's Motion for Reconsideration of my earlier ruling that UIM insurance limits and underlying liability limits for that matter, are inadmissible in the mandatory arbitration ruling.
My interpretation of Price v. Farmers Insurance Company of Washington, 133 Wash.2d 490, 946 P.2d 388 (1997), leads me to conclude that issues of liability injuries and damages are properly matters for arbitration where the policy so provides. On the other hand, it is appropriate for courts to determine the question of coverage, which relates to limits. This would typically be resolved by a declaratory judgment action.
It is not my understanding that the parties have agreed to submit both damages and coverage issues to an arbitrator. Additionally, I do not believe that coverage issues would be appropriate for determination under Rules of Mandatory Arbitration. This leads me to the conclusion that the thrust of the Plaintiff's complaint in this instance was to establish the Plaintiff's damages. Coverage issues would necessarily need to be resolved subsequently, either by agreement of the parties, or by declaratory judgment.

*378 Therefore, the decision remains the same; limits shall be inadmissible at the arbitration hearing.[[6]]
¶ 9 The arbitration began on July 10, 2006. The decision issued by Mr. Bradshaw on July 20, 2006 stated: "I make the following award in favor of the Plaintiff in the amount of $36,000.00, inclusive of Plaintiff's medical expenses and income loss."[7]
¶ 10 A party who is aggrieved by the decision of a MAR arbitrator may file a notice of appeal and request a trial de novo in the superior court on all issues of law and fact. RCW 7.06.050. A trial de novo is conducted as though no arbitration proceeding had occurred. MAR 7.2(b)(1). "If no appeal has been filed at the expiration of twenty days following filing of the arbitrator's decision and award, a judgment shall be entered and . . . when entered shall have the same force and effect as judgments in civil actions." RCW 7.06.050(2). "A judgment so entered is subject to all provisions of law relating to judgments in civil actions, but it is not subject to appellate review and it may not be attacked or set aside except by a motion to vacate under CR 60." MAR 6.3, in part.
¶ 11 Neither party asked for a trial de novo. Mercier moved for entry of final judgment on the arbitrator's award. He proposed a judgment for $36,000. GEICO responded that the judgment should be reduced by $35,000 to account for the medical payments and settlement that Mercier had already received.[8] GEICO attached a copy of its policy along with documents proving the medical payments of $10,000 and the tender of the tortfeasor's $25,000 limits.
¶ 12 Mercier replied that under the rules of mandatory arbitration, the award of $36,000 had to be regarded as his net damages. He moved to strike the documents submitted to the court by GEICO as irrelevant to the court's task. He argued that the court's only option under the rules was to enter judgment in the amount indicated by the face of the award. GEICO filed a surreply brief attaching Mr. Bradshaw's letter ruling of July 6, 2006 to show that he had found coverage issues to be beyond the scope of the arbitration.[9] Mercier moved to strike the surreply brief as improper under local rules.
¶ 13 The trial court denied both of Mercier's motions to strike and entered a judgment for Mercier in the amount of $1,000 after finding that Mercier's proposed judgment for $36,000 "relies upon misstatements and misrepresentations of fact, law and contract."[10] Mercier appeals.

MANDATORY ARBITRATION
¶ 14 Mercier maintains the arbitrator's award of $36,000 was a net award that resolved the entire controversy. He claims the court's decision to consider the other payments was unauthorized because the statute and rules for mandatory arbitration do not permit a trial court to "hold additional hearings" or "allow the parties to supplement the MAR record."[11] He contends that because GEICO did not request a trial de novo, the court's only option was to enter judgment against GEICO for $36,000.
¶ 15 GEICO responds that coverage issues, including issues of offset and setoff, are specifically reserved for the courts and therefore beyond the scope of mandatory arbitration. GEICO relies solely on caselaw developed in the context of private arbitration of underinsured motorist claims. In that context, it is well established that issues of coverage are reserved for the courts because they are akin to a declaratory judgment. See Price v. Farmers Ins. Co., 133 Wash.2d 490, 498-99, 946 P.2d 388 *379 (1997). The statutory power of confirming a private arbitration award and reducing it to judgment is a special proceeding, not a proceeding under the trial court's general jurisdictional powers. Sherry v. Financial Indemnity Co., 160 Wash.2d 611, 160 P.3d 31, 34 (2007). The court confirms the award in the special proceeding and then resolves the reserved coverage issues under its general powers.
¶ 16 Unlike in Price, this was not a special proceeding to confirm a private arbitration award. Mandatory arbitration, a statutory system, was designed to take relatively small and simple cases off the superior court's docket and resolve them quickly and inexpensively.[12] A case decided in mandatory arbitration begins as a case filed in superior court. Under MAR 1.3(a) it "remains under the jurisdiction of the superior court in all stages of the proceeding, including arbitration." Taking over the case on behalf of the court, the arbitrator in a MAR proceeding may "determine all issues raised by the pleadings," including but not limited to a determination of damages. MAR 6.1.
Arbitration applies only to cases "where the sole relief sought is a money judgment. . . ." Thus, by definition, arbitration does not apply to cases that seek, alone or in conjunction with other claims, remedies other than a money judgment. For example, actions to dissolve a marriage or to enjoin a party are not subject to arbitration under this statute. Similarly, claims which involve foreclosure of a security agreement or a lien, rescission, specific performance, exoneration of a bond, accounting, receivership, a declaration of rights or similar actions are not subject to mandatory arbitration under this statute. However, the statute should be read more broadly than simply applying to actions which seek damages and conversely not applying to actions which seek equitable remedies. For example, if a party asserts a claim for restitution, such a claim, although equitable in nature, only seeks a "money judgment" and would therefore be subject to arbitration.
The rationale for excluding claims other than for a money judgment is in keeping with the idea that mandatory arbitration is better suited for smaller and simpler claims. Claims seeking remedies other than money judgments are often complex and sometimes require continuing supervision by the court. The arbitration program was not designed for these kind of cases.[[13]]
¶ 17 In this case the pleadings heralded a relatively small and simple action. Even though Mercier styled his lawsuit a "Complaint for Declaratory Judgment and Damages",[14] what he sought was a money judgment reflecting the bottom line amount (if any) that GEICO was obligated to pay him under the underinsured motorist provisions of his insurance contract.
¶ 18 According to M. Wayne Blair, author of a chapter on RCW 7.06 in a State Bar Association Deskbook, arbitrators who conduct mandatory arbitrations should construe their authority broadly. When issues in the case are left undecided in the arbitration, they must be referred back to the court and this undermines the objectives of the system:
The authority of an arbitrator begins at the point the arbitrator is assigned to a case. Under MAR 3.2, the arbitrator has authority to decide all procedural issues, examine any site or object relevant to the case, issue subpoenas, administer oaths, rule on evidence, determine the facts, decide the law, make an award and generally perform acts authorized by the statute and rules.

The rules should be interpreted by the arbitrator as a broad grant of authority. An arbitrator should hesitate before deciding that he or she does not have authority to make a particular ruling or decide a matter. If an arbitrator so determines, then the matter must be referred to the court. Such uncertainty on the part of the *380 arbitrator only adds to the time and expense of resolving a case.[[15]]
This comment makes sense. Here, Mr. Bradshaw could have decided the coverage issues after determining collision damages  just as the superior court would have done if the lawsuit had not gone to mandatory arbitration. We see nothing in RCW 7.06 or the rules that would have prevented the arbitrator from reading the contract, admitting evidence of insurance limits, giving GEICO appropriate credit for the payments Mercier had already received, and coming up with a net award upon which the superior court could have entered judgment without further ado.
¶ 19 Although the arbitrator could have resolved the whole case, he did not. He determined that he lacked authority to do anything but determine collision damages. The question on appeal is whether the superior court erred by resolving the coverage issues that the arbitrator left undecided.
¶ 20 A party to a mandatory arbitration who does not ask for a trial de novo thereby accepts the arbitrator's award "and may not alter it by requesting action by the Superior Court which would amend that award." Trusley v. Statler, 69 Wash.App. 462, 465, 849 P.2d 1234 (1993). Mercier contends that by entering judgment for only $1,000, the superior court improperly amended the arbitration award, contrary to the holding of Trusley. He maintains the court was obliged to assume that the arbitrator's award of $36,000 was a net award that resolved the entire controversy.
¶ 21 In Trusley, the defendants' pleadings asked for an award of attorney fees under RCW 4.84.185 for defending a frivolous action. The arbitrator dismissed the plaintiff's complaint but denied the defendants' request for fees. When the defendants moved in superior court for judgment on the award, they asked for attorney fees on a different basis  RCW 4.84.250, the offer of settlement statute. The superior court granted this request. On appeal the fee award was reversed. "Since the Statlers did not ask the arbitrator to exercise his delegated authority and award them attorney fees under RCW 4.84.250 for the arbitration hearing, fees were not part of the arbitration award. Consequently, they cannot become part of the final judgment." Trusley, 69 Wash.App. at 464-65, 849 P.2d 1234.
¶ 22 In Trusley, the arbitrator's authority to award attorney fees was not in dispute. The arbitrator considered the request for attorney fees, but rejected it. By awarding fees on a basis not considered by the arbitrator, the superior court was revisiting an issue already decided and modifying the arbitrator's decision on that issue. In contrast, here the arbitrator decided that GEICO's right to setoff and offset was a coverage issue reserved for the court and beyond the scope of arbitration. As the comment above by M. Wayne Blair indicates, if the arbitrator finds himself unauthorized to decide an issue, it "must be referred to the court."[16] GEICO referred the coverage issues to the superior court in response to Mercier's motion for judgment of $36,000. By addressing GEICO's rights, the superior court did not modify the decision of the arbitrator. The court merely completed the adjudication of the undecided issues in the case.
¶ 23 Mercier contends the court should not have considered the documents GEICO submitted pertaining to coverage and the arbitrator's ruling, and should have stricken GEICO's surreply as belated and unauthorized under the local rules. Under the local rule in question a trial court may in its discretion accept materials that do not comply with the rules. A trial court does not abuse its discretion unless the exercise of its discretion is manifestly unreasonable or based upon untenable grounds or reasons. Burnside v. Simpson Paper Co., 123 Wash.2d 93, 107, 864 P.2d 937 (1994). Mercier did not provide the court with all relevant information when he proposed a judgment of $36,000. It was not an abuse of discretion for the court to accept the additional information from GEICO in order to be fully advised and avoid an unjust result.
*381 ¶ 24 The superior court did not supplement the MAR record and did not reweigh evidence or decide issues that the arbitrator had already heard or decided. The court entered a single judgment that accomplished two things: it fulfilled the court's obligation to enter judgment on the arbitration award as required by RCW 7.06.050(2), while simultaneously fulfilling the court's obligation under MAR 1.3 to decide matters that the arbitrator had placed beyond the scope of arbitration. In summary, the court did not err when it credited GEICO with $35,000 before entering judgment.

INTEREST
¶ 25 Mercier raises two issues concerning interest. The final judgment established Mercier's right to postjudgment interest to be calculated at the rate provided in RCW 4.56.110(3) for judgments "founded on the tortious conduct of individuals or other entities". Mercier contends the rate should be 12 percent as provided in RCW 4.56.110(4) because GEICO's obligation to pay underinsured motorist coverage benefits arises out of the insurance contract.
¶ 26 An underinsured motorist carrier stands in the shoes of the tortfeasor and its liability to the insured is identical to the tortfeasor's. Dayton v. Farmers Ins. Group, 124 Wash.2d 277, 281, 876 P.2d 896 (1994). Mercier would have received postjudgment interest at the tort rate if the judgment had been against the tortfeasor. Following Dayton, we affirm the trial court's decision to allow postjudgment interest at the tort rate.
¶ 27 Mercier contends that the trial court erred in failing to award prejudgment interest for the one month between the date of the arbitration award and the date judgment was entered. Since GEICO conceded below that Mercier was entitled to prejudgment interest for this period, for purposes of this case we will assume that he was so entitled.[17] However, GEICO objected to Mercier's calculation of the amount due as $402.41 which he based on the rate of 12 percent per annum for contract cases as applied to a principal amount of $36,000. GEICO's objections are well taken. The principal amount was $1,000, not $36,000. Mercier had already received a total of $35,000 and therefore was not being deprived of its use while awaiting entry of the judgment. And as noted above, arbitration of a claim against an underinsured motorist sounds in tort, not contract, so the appropriate rate of interest is the rate specified for tort cases in RCW 4.56.110(3). The award of prejudgment interest shall be determined accordingly on remand.
¶ 28 The judgment for $1,000 does not take into consideration GEICO's obligation to pay a pro rata share of the legal expenses incurred in recovering medical payments. See Hamm v. State Farm Mut. Auto. Ins. Co., 151 Wash.2d 303, 308-309, 88 P.3d 395 (2004); Winters v. State Farm Mut. Auto. Ins. Co., 144 Wash.2d 869, 882-883, 31 P.3d 1164 (2001). Mercier asks that this omission be corrected. Since GEICO does not object, even though the request was not made below, we will permit this limited modification of the judgment.
¶ 29 Remanded for recalculation of the judgment in accordance with Hamm and to add prejudgment interest.
WE CONCUR: APPELWICK, C.J., and COLEMAN, J.
NOTES
[1] M. Wayne Blair, Mandatory Arbitration in Washington, in WASHINGTON STATE BAR ASS'N, ALTERNATE DISPUTE RESOLUTION DESKBOOK: ARBITRATION AND MEDIATION IN WASHINGTON § 2.3(7)(b), at 2-4 (2d ed.1995).
[2] Clerk's Papers at 100 (Mercier's Insurance Policy).
[3] Clerk's Papers at 100 (Mercier's Insurance Policy).
[4] Clerk's Papers at 6 (Mercier's Complaint, Sec. 5.2, 5.3, and 5.4, October 26, 2005).
[5] Clerk's Papers at 158 (GEICO's Answer, Sec. 6.5, December 13, 2005).
[6] Clerk's Papers at 114 (Arbitrator's Letter to Parties, July 6, 2006).
[7] Clerk's Papers at 8 (Arbitration Award, July 10, 2006).
[8] Clerk's Papers at 41, 48 (GEICO's Response to Mercier's Motion for Entry of Judgment, August 16, 2006).
[9] Clerk's Papers at 108 (GEICO's Surreply to Mercier's Motion for Entry of Judgment, August 21, 2006).
[10] Clerk's Papers at 143 (Final Judgment, August 28, 2006).
[11] Appellant's Opening Brief at 14.
[12] Deskbook at 2-4.
[13] Deskbook at 2-11.
[14] Clerk's Papers at 3 (Mercier's Complaint, October 27, 2005).
[15] Deskbook at 2-26 (emphasis added).
[16] Deskbook at 2-26.
[17] But see Department of Corrections v. Fluor Daniel, Inc., ___ Wash. ___, 161 P.3d 372 (2007).