[No. 61309-0-I. Division One. December 22, 2008.]

LISA LITTLE, *Appellant*, v. ANNIE KING ET AL., *Defendants*, THE ST. PAUL INSURANCE COMPANY, *Respondent*.

884

*Annie King*, pro se.

*Stanley J. Rumbaugh, John E. Wallace,* and *Terry J. Barnett* (of *Rumbaugh Rideout Barnett & Adkins*), for appellant.

*Francis S. Floyd* and *Amber L. Pearce* (of *Floyd & Pflueger, PS*), for respondent.

¶1 DWYER, A.C.J. — Following *Stevens v. Brink's Home Security, Inc.*, 162 Wn.2d 42, 51-52, 169 P.3d 473 (2007), it is now clear that a judgment for uninsured motorist (UIM) benefits is founded on contract for the purpose of calculating postjudgment interest pursuant to RCW 4.56.110.[1] Because the trial court in this case found that Lisa Little's UIM claim against St. Paul Insurance Company sounded in tort for the purpose of calculating the postjudgment interest due, we reverse. However, we affirm the trial court's finding that Little is entitled to her reasonable attorney fees incurred in bringing the motion to fix interest.

I

¶2 On March 16, 1999, Lisa Little was injured in two automobile collisions caused by Annie King, who was unin-

---

[1] RCW 4.56.110 provides that interest on judgments shall accrue as follows:

(1) Judgments founded on written contracts, providing for the payment of interest until paid at a specified rate, shall bear interest at the rate specified in the contracts: PROVIDED, That said interest rate is set forth in the judgment.

(2) All judgments for unpaid child support that have accrued under a superior court order or an order entered under the administrative procedure act shall bear interest at the rate of twelve percent.

(3) Judgments founded on the tortious conduct of individuals or other entities, whether acting in their personal or representative capacities, shall bear interest from the date of entry at two percentage points above the equivalent coupon issue yield, as published by the board of governors of the federal reserve system, of the average bill rate for twenty-six week treasury bills as determined at the first bill market auction conducted during the calendar month immediately preceding the date of entry. In any case where a court is directed on review to enter judgment on a verdict or in any case where a judgment entered on a verdict is wholly or partly affirmed on review, interest on the judgment or on that portion of the judgment affirmed shall date back to and shall accrue from the date the verdict was rendered.

(4) Except as provided under subsections (1), (2), and (3) of this section, judgments shall bear interest from the date of entry at the maximum rate permitted under RCW 19.52.020 on the date of entry thereof. In any case where a court is directed on review to enter judgment on a verdict or in any case where a judgment entered on a verdict is wholly or partly affirmed on review, interest on the judgment or on that portion of the judgment affirmed shall date back to and shall accrue from the date the verdict was rendered. The method for determining an interest rate prescribed by this subsection is also the method for determining the "rate applicable to civil judgments" for purposes of RCW 10.82.090.

sured.[2] Little had $2,000,000 of coverage under a policy issued by St. Paul Insurance Company that covered damages caused by underinsured and uninsured motorists.

¶3 Little sued King and obtained a default judgment in the amount of $2,155,835.58 against King on June 30, 2003. Little notified St. Paul of the lawsuit, but the company did not intervene. When Little presented the judgment to St. Paul for payment, St. Paul then intervened and moved to vacate the judgment, a motion that the trial court granted.

¶4 Little appealed to this court, which reinstated the default judgment and determined that the judgment bound St. Paul. *Little v. King*, noted at 127 Wn. App. 1021 (2005). St. Paul then appealed to the Washington State Supreme Court, which affirmed. *Little v. King*, 160 Wn.2d 696, 161 P.3d 345 (2007). St. Paul paid the $2,000,000 policy limits on November 30, 2007.

¶5 Little then brought a motion in superior court for an award of postjudgment interest to be calculated according to the statutory rate applicable to contract claims. St. Paul argued that it was not obligated to pay interest on the judgment or, alternatively, that if interest was due, the interest should be calculated according to the statutory rate for tort claims.

¶6 The trial court ruled that the judgment was founded on a tort claim and awarded Little postjudgment interest in the amount of $493,128.42.[3] The trial court also awarded Little $6,630.00 in attorney fees that she incurred litigating her claim.

¶7 Little appeals the interest award, contending, as she did in the trial court, that her claim against St. Paul was based upon the contract between her and her insurer, not on her tort claim against King, and that, accordingly, the

---

[2] A more detailed recitation of the facts, not pertinent here, appears in *Little v. King*, 160 Wn.2d 696, 699-702, 161 P.3d 345 (2007).

[3] The parties litigated this case so as to encourage the court to start the interest calculation running at the time the underlying judgment was entered, if interest was due at all. The trial court did this. No party assigned error to this determination and we express no opinion on the matter.

court should have applied RCW 4.56.110(4), which provides that interest awarded on contract judgments is to be calculated at 12 percent. St. Paul cross-appeals, arguing that the trial court erred in awarding Little's attorney fees.

II

*UIM Postjudgment Interest*

 ¶8 UIM insurance provides a second layer of excess insurance coverage that "floats" on top of recovery from other sources for the injured party. *Blackburn v. Safeco Ins. Co.*, 115 Wn.2d 82, 87, 794 P.2d 1259 (1990) (citing *Elovich v. Nationwide Ins. Co.*, 104 Wn.2d 543, 549, 707 P.2d 1319 (1985)). Coverage eligibility requires the insured to demonstrate that he or she is "legally entitled to recover" in tort from the underinsured motorist. RCW 48.22.030(2). The insurer must pay its insured's uncompensated damages " 'until the underinsurance policy coverage is exhausted or until the insured is fully compensated, whichever occurs first.' " *Mencel v. Farmers Ins. Co. of Wash.*, 86 Wn. App. 480, 484, 937 P.2d 627 (1997) (quoting *Hamilton v. Farmers Ins. Co. of Wash.*, 107 Wn.2d 721, 723, 733 P.2d 213 (1987)). Because a UIM insurer's liability is limited, as a matter of contract, by the policy, a judgment entered on a jury award in excess of the policy limits must be limited to the amount of the policy limits. *Tribble v. Allstate Prop. & Cas. Ins. Co.*, 134 Wn. App. 163, 169-70, 139 P.3d 373 (2006).

¶9 Little maintains that because St. Paul's obligation to pay interest on a judgment for which it is liable is a matter of contract, it is therefore subject to the statutory interest rate applicable to written contracts. RCW 4.56.110(4). Conversely, St. Paul relies on *Mercier v. GEICO Indemnity Co.*, 139 Wn. App. 891, 903, 165 P.3d 375 (2007), *review denied*, 163 Wn.2d 1028 (2008), in which this court stated that a UIM insurer "stands in the shoes of the tortfeasor, and its liability to the insured is identical to the tortfeasor's" up to the UIM policy limits. In *Mercier,* we held that a UIM carrier's obligation to pay both prejudgment and post-

judgment interest on a tort judgment accrues at the rate provided for tort claims under RCW 4.56.110(3). 139 Wn. App. at 903.

¶10 However, approximately three months after the *Mercier* opinion was filed, the Washington State Supreme Court provided an additional, contrary analysis of a related issue in *Stevens*, 162 Wn.2d 42. In *Stevens*, which involved claims under the Washington Minimum Wage Act (ch. 49.46 RCW), the court examined whether the appropriate interest rate was that applicable to tort claims, RCW 4.56-.110(3), or that applicable to claims stemming from written contracts, RCW 4.56.110(1). *Stevens*, 162 Wn.2d at 51-52. The court stated that the question was properly addressed by looking to the statute of limitations applicable to the underlying claim and found that because the statute of limitations for contracts applied, RCW 4.56.110(1) provided the applicable rate of interest on the judgment. *Stevens*, 162 Wn.2d at 51. By that reasoning, this case must be deemed to sound in contract, not tort, as the statute of limitations for UIM claims is the six years provided for written contracts. *Safeco Ins. Co. v. Barcom*, 112 Wn.2d 575, 579-81, 773 P.2d 56 (1989).

¶11 Although, under the policy of stare decisis, we are exceedingly reluctant to disagree with recent opinions, we will do so if such an opinion "is demonstrably 'incorrect or harmful.' " *King v. W. United Assur. Co.*, 100 Wn. App. 556, 561, 997 P.2d 1007 (2000) (quoting *State v. Berlin*, 133 Wn.2d 541, 547, 947 P.2d 700 (1997)). Following the clarification of the issue presented by *Stevens*, that test is met here. We therefore depart from our decision in *Mercier* and hold that a judgment for UIM benefits is founded on contract for the purpose of calculating postjudgment interest under RCW 4.56.110. *See Stevens*, 162 Wn.2d at 51-52. Today's decision is consistent with earlier opinions discussing the contract-based nature of UIM claims. *See Barcom*, 112 Wn.2d at 579-80 (the six-year contract statute of limitation applies to an insured's claim for UIM benefits against his insurer); *Tribble*, 134 Wn. App. 163 (judgment

for insured motorist against insurer in UIM action could not exceed UIM policy limits; insurer was contractually obligated to pay only up to the policy limits). It is also consistent with a related case, *Jackson v. Fenix Underground, Inc.*, 142 Wn. App. 141, 146, 173 P.3d 977 (2007), in which we held that a claim for payment under a settlement contract that arose from a tort claim was founded on contract, not the underlying tort. Accordingly, we reverse the trial court's decision, made in reliance on *Mercier*.

*Attorney Fees*

■ ¶12 St. Paul argues that the trial court erred in awarding Little her attorney fees incurred as a result of her efforts to obtain interest on her judgment. Whether a party is entitled to attorney fees is an issue of law that we review de novo. *Tradewell Group, Inc. v. Mavis*, 71 Wn. App. 120, 126, 857 P.2d 1053 (1993).

■ ■ ¶13 St. Paul specifically contends that the trial court erred in awarding attorney fees pursuant to the rule announced in *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991). To be entitled to an *Olympic Steamship* attorney fee award, the claimant must demonstrate that the insurer denied benefits owing under the policy. "*Olympic Steamship* stands for the proposition that '[w]hen insureds are forced to file suit to obtain the benefit of their insurance contract, they are entitled to attorneys' fees.'" *Butzberger v. Foster*, 151 Wn.2d 396, 414, 89 P.3d 689 (2004) (alteration in original) (quoting *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wn.2d 654, 687 n.15, 15 P.3d 115 (2000)).

¶14 St. Paul claims that fees under *Olympic Steamship* were erroneously awarded because the company did not deny that it owed interest on the judgment; rather, it claims that it only disputed the amount of interest owed. However, the record shows that St. Paul consistently refused to pay any interest on the judgment. For example, in a letter dated October 31, 2007, St. Paul asserted several grounds upon which it disputed its obligation to pay interest on the

judgment. Moreover, St. Paul made the same arguments to the trial court in its response to Little's motion to fix interest. We therefore reject St. Paul's assignment of error and affirm the trial court's ruling that Little is entitled to her attorney fees.

¶15 Finally, Little requests her attorney fees on appeal under *Olympic Steamship*. But *Olympic Steamship* authorizes an award of attorney fees only if the insured is required to litigate an issue of coverage, as opposed to the value of the claim. *Price v. Farmers Ins. Co. of Wash.*, 133 Wn.2d 490, 497-98, 946 P.2d 388 (1997). On appeal, St. Paul did not dispute that interest was due; rather, the parties disagreed about which rate of interest applies. Little is therefore not entitled to her attorney fees on appeal. Likewise, we reject St. Paul's request for attorney fees on appeal because it is not the prevailing party.

¶16 Reversed in part; affirmed in part.

ELLINGTON and APPELWICK, JJ., concur.