[No. 38065-6-I.   Division One.   May 27, 1997.]

THOMAS MENCEL, *Appellant*, v. FARMERS INSURANCE COMPANY OF WASHINGTON, *Respondent*.

---

[12]RCW 13.24.180(4).

*Denis C. Wade* and *Platis Law Firm,* for appellant.

*Larry B. Alexander, Tracy R. Antley-Olander*, and *Alexander & Associates,* for respondent.

ELLINGTON, J. — Ernest Graves crashed his car into one occupied by Thomas Mencel. Graves' liability policy with American States Insurance Company had limits of $500,000. After the jury returned a verdict of $804,450, American States settled with Mencel for $725,000. Mencel's own carrier, Farmers, then rejected his $50,000 underinsured motorist (UIM) claim on grounds he had already been fully compensated. We hold that the jury's verdict, not the compromise, determined the amount nec-

essary to constitute full compensation, and that Farmers is liable under its UIM policy.

## FACTS

This case is somewhat unusual, because Ernest Graves' automobile liability policy had limits of $500,000; yet, notwithstanding those limits, his insurer settled with Mencel for $725,000 after the jury returned a verdict of $804,450.[1] Farmers was fully informed of the settlement negotiations at all times. After settling with American States, Mencel submitted a claim to Farmers under his $50,000 UIM policy. Farmers denied the claim on the ground that Mencel had been fully compensated by the payment from American States and was therefore not entitled to UIM benefits.

Mencel filed suit, and both parties filed motions for summary judgment. The trial court ruled that Farmers was required to arbitrate the UIM claim, but was not bound by the verdict or the settlement with respect to damages or liability. The court dismissed Mencel's claims for bad faith and violation of the Consumer Protection Act. This appeal followed.

## UNDERINSURED MOTORIST COVERAGE

Under Mencel's automobile insurance policy, Farmers agrees to pay "*all sums which an insured person is legally entitled to recover* as damages from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by the insured person" (emphasis added). An "underinsured motor vehicle" is:

> [A] motor vehicle . . . with respect to which the sum of the limits of liability under all bodily injury or property damage liability bonds and insurance policies applicable to a covered

---

[1]The reasons for the above-limits settlement are not reflected in the record; the briefs suggest American States wished to avoid a bad faith claim by its insured.

person after an accident is less than the applicable *damages which the covered person is legally entitled to recover.*

RCW 48.22.030(1)[2] (emphasis added).

The issue here is what damages Mencel is "legally entitled to recover:" $804,450 (the amount of the jury verdict), or $725,000 (the amount of the settlement)? Farmers takes the position that the compromise amount is all Mencel is legally entitled to recover, and therefore Mencel has been fully compensated by Graves' insurer and is not entitled to UIM benefits. Mencel claims the verdict, not the compromise, controls his entitlement to UIM benefits. We agree with Mencel.

██ ██ It is well settled that the intent of the UIM statute, RCW 48.22.030, is to provide full compensation to those injured in automobile accidents. *Allstate Insurance Co. v. Dejbod*, 63 Wn. App. 278, 281, 818 P.2d 608 (1991). Thus, under the statute, "[t]he underinsurer is liable for the insured's uncompensated damages above those limits until the underinsurance policy coverage is exhausted or until the insured is fully compensated, whichever occurs first." *Hamilton v. Farmers Ins. Co.*, 107 Wn.2d 721, 723, 733 P.2d 213 (1987). In fulfillment of the goal of providing full compensation through UIM coverage,

> [t]he injured insured is entitled to compensation from his underinsurer without regard to any recovery obtained from other sources and without regard to whether such recovery exhausts any coverage provided by the liability insurers of the tortfeasor, until the injured insured's under-insurance policy limits are reached or until he is fully compensated for his damages, whichever occurs first.

*Hamilton*, 107 Wn.2d at 727.

██ ██ It is also well settled that the determination of damages falls squarely within the province of the jury. *See e.g., Sofie v. Fibreboard Corp.*, 112 Wn.2d 636, 645-47, 771

---

[2]Farmer's policy issued to Mencel contains an identical definition of the term "underinsured motor vehicle."

P.2d 711, 780 P.2d 260 (1989) (also recognizing the "constitutional nature of the jury's damage-finding function"). We hold that the amount of the jury verdict, not the amount for which the parties settled, is the amount Mencel is legally entitled to recover for purposes of the UIM statute. To hold otherwise would frustrate the legislative purpose of full compensation.

The fact that American States settled with Mencel for more than the limits of Graves' liability policy does not mean, as Farmers suggests, that Mencel recovered more than he was legally entitled to recover, or that payment of UIM benefits would constitute a windfall to Mencel or American States. The settlement amount did not constitute full compensation, so payment of UIM benefits does not constitute a windfall. Moreover, as in *Hamilton*, Farmers was fully informed of Mencel's impending settlement with Graves. Farmers could have protected its interest by tendering the UIM benefits and substituting a payment for the settlement offer. *Hamilton*, 107 Wn.2d at 734. In fact, Mencel gave Farmers the opportunity to buy his claim; when Farmers declined the offer, Mencel proceeded to settle with Graves. Under these circumstances, there is nothing unfair to Farmers in holding it to its statutory obligation to tender UIM benefits to its insured until the insured is fully compensated or the UIM policy limits are reached, whichever occurs first.

We also reject Farmers' argument that UIM coverage is a "floating layer of coverage" which applies only at the point where the tortfeasor's liability limits are reached. Farmers argues that because the settlement amount exceeded the tortfeasor's policy limits, the "floating layer" of UIM coverage never applied and Farmers therefore never became an underinsurer. None of the cases Farmers cites in support of this position is applicable,[3] and Farm-

---

[3]Indeed, Farmers' citations support Mencel's argument. For example, Farmers cites *Girtz v. New Hampshire Ins. Co.*, 65 Wn. App. 419, 828 P.2d 90 (1992) and *State Farm Ins. Co. v. Amirpanahi*, 50 Wn. App. 869, 751 P.2d 329, *review denied*, 111 Wn.2d 1012 (1988) for the proposition that the settle-

ers' argument is directly contrary to the goal of the comprehensive UIM scheme to provide full compensation to innocent victims of accidents. *Jain v. State Farm Mut. Auto. Ins. Co.*, 130 Wn.2d 688, 694, 926 P.2d 923 (1996). Here, regardless of whether the $225,000 is included or excluded, the fact remains that Mencel was not fully compensated for his injuries. To accept Farmers' "floating layer" argument would contravene the policy of full compensation by denying Mencel UIM benefits if he received an amount which was greater than the limits of Graves' liability policy but less than the amount of the jury verdict. *See Elovich v. Nationwide Ins. Co.*, 104 Wn.2d 543, 550, 707 P.2d 1319 (1985) (UIM coverage is a floating layer of coverage that applies up to "the total damages the party has suffered"). Further, such a construction of the statute would discourage pursuit of recovery from other potential sources, such as the tortfeasor's personal assets, resulting in still less likelihood of full compensation. *See Hamilton*, 107 Wn.2d at 727 ("the injured insured is entitled to compensation from his underinsurer without regard to any recovery obtained from other sources . . . .").

█ Farmers argues that it is not bound by the jury verdict rendered in Mencel's tort action against Graves. This contention is without merit. An insurer is bound by the judgment in the insured's action against the tortfeasor where the insurer had adequate notice and an opportunity to intervene and defend at the time the insured litigated the issues of liability and damages with the insured tortfeasor. *See Finney v. Farmers Ins. Co.*, 21 Wn. App. 601, 617, 586 P.2d 519 (1978), *aff'd*, 92 Wn.2d 748, 600 P.2d 1272 (1979) and the cases cited therein.

---

ment amount determines the measure of damages. Neither case supports Farmers' position. In *Girtz*, Plaintiff chose not to appeal a verdict below the tortfeasor's limits, then sought to arbitrate the issue of full compensation under his UIM policy. The court held the verdict established the measure of his damages. In *Amirpanahi*, Plaintiffs arbitrated with the tortfeasor's insurer under a stipulation that the highest award possible would be the tortfeasor's policy limits. The arbitrator nonetheless made an award above those limits. The court held that because of the stipulation, the arbitrator did not determine total damages for UIM purposes.

The payment by American States to Mencel of $725,000 represents only partial compensation. Mencel is entitled to look to his underinsurer for payment until the limits of his UIM policy are reached or until he is fully compensated, whichever occurs first. The limits of Mencel's UIM policy will be reached before he is fully compensated, so he is entitled to payment of those limits, or $50,000, from Farmers. The trial court thus erred by denying Mencel's claim for UIM benefits and by finding that Farmers is entitled to arbitrate its liability under the policy and the amount of UIM benefits it is obligated to pay.

## BAD FAITH

While it is a close question, we agree with the trial court that Farmers did not deny UIM benefits in bad faith, and therefore affirm the dismissal of Mencel's bad faith claim and claim under the Consumer Protection Act. *See Gingrich v. Unigard Sec. Ins. Co.*, 57 Wn. App. 424, 433, 788 P.2d 1096 (1990). Although we reject all Farmers arguments here, there is no case law precisely on point, and we do not deem all Farmers' arguments so completely frivolous as to constitute bad faith. Because we affirm the dismissal of Mencel's claim under the Consumer Protection Act, we deny his request for an award of attorney fees under that statute.

The decision of the trial court is affirmed in part, and reversed in part, and the matter is remanded for the entry of judgment awarding Mencel the limits of his UIM policy with Farmers. We note that fees may be available on remand under the doctrine of *Olympic S.S. Co. v. Centennial Ins.*, 117 Wn.2d 37, 52-53, 811 P.2d 673 (1991).

BAKER, C.J., and Cox, J., concur.