139 P.3d 373 (2006)
134 Wash.App. 163
Michelle T. TRIBBLE, Respondent,
v.
ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign insurance company; Jacquelyn H. Williams and John Doe Williams, individually and the marital community composed thereof, Appellants.
No. 56496-0-I.
Court of Appeals of Washington, Division 1.
July 24, 2006.
Reconsideration Denied September 19, 2006.
*374 Christopher Michael Davis, Bellevue, WA, for Respondent.
Marilee C. Erickson, Pamela A. Okano, Terry Jay Price, Reed McClure, Anthony Joseph Vidlak, Seattle, WA, for Appellants.
DWYER, J.
¶ 1 Michelle T. Tribble was injured by an uninsured motorist and sought uninsured motorist (UIM) benefits from her insurer, Allstate Property and Casualty Insurance Company. Pursuant to a provision of the insurance policy, which did not provide for private arbitration, Tribble commenced an action against Allstate in the King County Superior Court. The case was submitted to mandatory arbitration and the arbitrator *375 awarded Tribble $35,000. Allstate then requested a trial de novo. The jury returned a verdict in Tribble's favor in the amount of $373,542.50. The trial court entered judgment for that amount over Allstate's objection.
¶ 2 Under a UIM policy, an insurer is contractually obligated to pay an insured's uncompensated damages up to the limits of the policy or until the insured receives full compensation, whichever occurs first.[1] In this case, Tribble's policy had a $50,000 limit. Accordingly, we reverse the judgment and remand for entry of a judgment in Tribble's favor in the principal amount of $50,000. We also vacate the trial court's attorney fee award and remand that issue for reconsideration in light of our reversal of the judgment. Finally, we award Tribble her attorney fees on appeal because Allstate still has not improved its position as measured against the arbitrator's $35,000 award.

FACTS
¶ 3 On May 9, 2002, Michelle Tribble's vehicle was struck by a vehicle driven by Jacquelyn H. Williams. Williams had in effect an insurance policy with liability limits of $100,000.[2]
¶ 4 On July 23, 2002, Tribble's vehicle was struck again, this time by a vehicle driven by Lv Winters, an uninsured motorist. When this collision occurred, Tribble had purchased another automobile insurance policy from Allstate, including UIM coverage of $50,000.
¶ 5 After the second collision, Tribble filed suit against both (1) Allstate, under the UIM provision of her insurance policy, to recover her uncompensated damages related to the July 23 collision, and (2) Williams, to recover damages caused by the May 9 collision. Allstate admitted that Tribble was entitled to receive UIM benefits for those damages she sustained that were proximately caused by the July 23 collision. The case was transferred to mandatory arbitration and the arbitrator awarded Tribble $35,000 on her claim against Allstate.
¶ 6 Allstate requested a trial de novo to a 12-person jury. Tribble settled her claim against Williams and the case proceeded to trial against Allstate.
¶ 7 After a four-day trial, the jury found that Tribble's injuries from the two collisions were indivisible and returned a total verdict in favor of Tribble in the amount of $373,542.50.
¶ 8 The trial court entered judgment against Allstate for the entire verdict amount, as well as Tribble's uncontested attorney fees of $27,000 and expenses of $9,270. The court then applied a 1.5 multiplier to adjust Tribble's attorney fees upward, resulting in a fee award of $40,500. Allstate moved for reconsideration of the judgment and the application of the attorney fee multiplier. The trial court denied the motion.
¶ 9 Allstate appeals.

DISCUSSION

I. UIM Policy Limits
¶ 10 Allstate argues that the trial court erred in entering judgment in the amount of $373,542.50, instead of the $50,000 UIM policy limit contained in Tribble's insurance contract. We agree.
¶ 11 Interpretation of an insurance contract is a question of law and is reviewed de novo. Solnicka v. Safeco Ins. Co., 93 Wash.App. 531, 533, 969 P.2d 124 (1999). UIM insurance provides a second layer of excess insurance coverage that "floats" on top of recovery from other sources for the injured party. Blackburn v. Safeco Ins. Co., 115 Wash.2d 82, 87, 794 P.2d 1259 (1990) (citing Elovich v. Nationwide Ins. Co., 104 Wash.2d 543, 549, 707 P.2d 1319 (1985)). Coverage eligibility requires the insured to demonstrate that he or she is "legally entitled to recover" in tort from the underinsured motorist. RCW 48.22.030(2). The insurer *376 must pay its insured's uncompensated damages "`until the underinsurance policy coverage is exhausted or until the insured is fully compensated, whichever occurs first.'" Mencel v. Farmers Ins. Co., 86 Wash.App. 480, 484, 937 P.2d 627 (1997) (quoting Hamilton v. Farmers Ins. Co., 107 Wash.2d 721, 723, 733 P.2d 213 (1987)). Because Tribble's UIM policy limit was $50,000, Allstate is contractually obligated to pay only up to that amount, irrespective of a jury award in excess of that amount.
¶ 12 Tribble nonetheless argues that Mencel and Hamilton do not require a reversal of her judgment. First, she contends that Allstate is precluded from asserting that the policy limits apply because such a claim constitutes an affirmative defense based upon a contract that was neither pleaded nor presented to the jury. We disagree.
¶ 13 Allstate's claim on this matter cannot properly be deemed a "contract defense." As a matter of law, contract defenses are defenses to a valid contract and generally include fraud, duress, and unconscionability. See, e.g., Adler v. Fred Lind Manor, 153 Wash.2d 331, 342, 103 P.3d 773 (2004). The concept does not apply here. Moreover, Allstate was not required to offer the insurance contract to the jury, as doing so would not have aided the jury in performing its function, which was determining the amount of damages incurred by Tribble.
¶ 14 Tribble next relies on Safeco Insurance Company v. Butler, 118 Wash.2d 383, 394, 823 P.2d 499 (1992), Hamilton v. State Farm Insurance Company, 83 Wash.2d 787, 523 P.2d 193 (1974), and Tyler v. Grange Insurance Association, 3 Wash.App. 167, 473 P.2d 193 (1970), to argue that the trial court properly entered judgment in excess of the policy limits. However, all three cases are inapplicable because they are not UIM cases but, rather, are liability cases involving claims of bad faith conduct.
¶ 15 In this case, Tribble sued Allstate to recover damages pursuant to her UIM policy. She did not raise negligence or bad-faith claims against Allstate. Therefore, Tyler, Hamilton, and Butler are inapplicable. Tribble's public policy arguments are similarly unavailing because, as a matter of law, the insured is only entitled to recover damages up to the insurance policy limits. Hamilton, 107 Wash.2d at 723, 733 P.2d 213; Mencel, 86 Wash.App. at 484, 937 P.2d 627. Accordingly, we reverse the judgment and remand for entry of judgment in the principal amount of $50,000, the insurance policy limit.[3]

II. Attorney Fee Award
¶ 16 Allstate also argues that the trial court abused its discretion in employing an attorney fee multiplier of 1.5 to increase Tribble's attorney fee award.[4] We review an award of attorney fees for abuse of discretion. *377 Boeing Co. v. Heidy, 147 Wash.2d 78, 90-91, 51 P.3d 793 (2002). A trial court abuses its discretion when its decision is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971).
¶ 17 "To withstand appeal, a fee award must be accompanied by findings of fact and conclusions of law to establish a record adequate for review." Eagle Point Condo. Owners Ass'n v. Coy, 102 Wash.App. 697, 715, 9 P.3d 898 (2000). Here, the trial court specifically provided five grounds for its application of the fee multiplier:
an upward contingency adjustment to the lodestar amount is reasonable and appropriate in this case given [1] the results obtained, [2] the court's consideration of the factors set forth in RPC 1[.5](a),[5] [3] the existence of a contingency fee agreement, [4] the increased risk to plaintiff's counsel of trying this case on contingency, and [5] this court's desire to make plaintiff Michelle T. Tribble whole as the prevailing party.
Conclusion of law 4. Allstate assigns error to several of the trial court's findings of fact and conclusions of law, each of which is addressed in our discussion of conclusion of law 4.
¶ 18 First we address Allstate's central argument regarding the fee multiplier, that the trial court abused its discretion in basing its fee award on the risk assumed by Tribble's attorney. Allstate claims that the trial court erred because Tribble's attorney was not at risk of receiving no compensation. We disagree.
¶ 19 Trial courts are not constrained such that they may only employ attorney fee award adjustments where the prevailing party proves that it might not have obtained a monetary judgment sufficient to pay any of its attorney's fees. Rather, adjustments to the lodestar fee (the total number of hours reasonably expended multiplied by the reasonable hourly rate of attorney compensation) "are considered under two broad categories: the contingent nature of success, and the quality of work performed." Bowers v. Transamerica Title Ins. Co., 100 Wash.2d 581, 598, 675 P.2d 193 (1983). The phrase "contingent nature of success," is broad enough to allow the trial court, in its discretion, to consider the degree to which the prevailing party risked receiving either no recovery at all or a monetary judgment insufficient to adequately compensate its counsel for all work performed. In exercising its discretion, a trial court is entitled to consider the risk borne by the attorney of recovering objectively inadequate compensation, not just the risk of recovering no compensation whatsoever.
¶ 20 Furthermore, Allstate is incorrect in its assertion that there was no possibility that Tribble would not be awarded an amount sufficient to compensate her attorney for all work he reasonably performed. Allstate contested Tribble's claims and, had the jury agreed with Allstate, the jury could have awarded nothing to Tribble or awarded her an amount that was insufficient to allow her to adequately compensate her attorney after paying other trial expenses and costs incurred.[6] *378 Because Tribble's attorney was hired on a contingent fee basis, he had no assurance of receiving sufficient compensation.
¶ 21 The risk assumed by Tribble and her attorney in pursuing Tribble's claims is a tenable basis for employing an attorney fee multiplier. Similarly, the trial court's second and third grounds for applying the fee multiplier, the RPC factors and the contingent nature of the fee agreement, are also tenable reasons.
¶ 22 However, two of the trial court's bases for the fee award are not tenable. First, in light of our reversal of the judgment, we cannot determine whether the trial court would still conclude that "the results obtained" support the employment of a fee multiplier. Tribble's "result," as measured by the jury verdict, was $373,542.50, but it will be reduced to $50,000 on remand. Tribble argues that the jury's verdict supports the trial court's determination that her counsel did exceptional work and that this was part of the trial court's "results obtained" analysis. It is unclear how the trial court would now view this factor, given our resolution of the primary issue on appeal. On remand, the trial court, which was in a position to personally observe the quality of counsel's trial performance, may determine that the large jury award reflects, in the language of Bowers, "the quality of the work performed" and, therefore, provides a proper basis for a fee multiplier. On the other hand, given the reduction of the principal judgment amount, the trial court may conclude otherwise. In directing this consideration, we do not suggest how the trial court should ultimately exercise its discretion.
¶ 23 Similarly, the trial court's fifth basis, its desire to make Tribble "whole as the prevailing party," is also not a tenable basis upon which to employ an attorney fee multiplier. A basic lodestar award accomplishes this, insofar as fees necessitated by the trial de novo are concerned, and these are the only fees authorized to be awarded by MAR 7.3.
¶ 24 We decline to address the parties' arguments regarding whether the attorney fee award was supported by Allstate's alleged violations of CR 36 and CR 37 because it is unclear from the appellate record whether the trial court's award was based on these considerations.[7]Eagle Point Condo. Owners, 102 Wash.App. at 715, 9 P.3d 898.
¶ 25 In sum, the attorney fee award is vacated and the question is remanded to the trial court for reconsideration in light of our reversal of the judgment and our discussion of this issue.

III. Attorney Fees and Costs on Appeal
¶ 26 Finally, Tribble requests attorney fees and costs on appeal pursuant to RAP 18.1 and MAR 7.3, which mandates a fee award where a party fails to improve its position following a trial de novo and permits the prevailing party to recover reasonable attorney fees and costs expended in defending an appeal. Stevens v. Gordon, 118 Wash. App. 43, 74 P.3d 653 (2003); Yoon v. Keeling, 91 Wash.App. 302, 306, 956 P.2d 1116 (1998). The prevailing party is the one who has an affirmative judgment rendered in its favor at the conclusion of the entire case. Stott v. Cervantes, 23 Wash.App. 346, 348, 595 P.2d 563 (1979).
*379 ¶ 27 Allstate contends, with no citation to authority, that Tribble must prevail on the issues in this appeal in order to be entitled to fees on appeal pursuant to MAR 7.3. Nothing in the rule dictates such a result. Indeed, Allstate's position is contrary to the purpose of MAR 7.3, which is to discourage meritless appeals from arbitration awards "and to thereby reduce court congestion." Puget Sound Bank v. Richardson, 54 Wash. App. 295, 298, 773 P.2d 429 (1989). Here, even after prevailing on an issue in this appealthat the most it could lose was its $50,000 policy limit, not the $373,542.50 jury verdict amountAllstate has still failed to improve its position as measured against the arbitrator's award. Simply put, $50,000 is more than $35,000. Accordingly, because Allstate has failed to improve its position as measured against the arbitrator's award, Tribble is entitled to her attorney fees and costs on appeal provided she complies with RAP 18.1(d). A commissioner of this court will determine the amount of fees and expenses to be awarded using a basic lodestar formula.[8]
¶ 28 The judgment is reversed, the attorney fee award is vacated, and the cause is remanded to the trial court for proceedings consistent with this opinion.
WE CONCUR: COX and GROSSE, JJ.
NOTES
[1] Hamilton v. Farmers Ins. Co., 107 Wash.2d 721, 723, 733 P.2d 213 (1987); Mencel v. Farmers Ins. Co., 86 Wash.App. 480, 484, 937 P.2d 627 (1997).
[2] At that time, Tribble had an automobile insurance policy issued by Allstate, which included UIM coverage of $25,000.
[3] We decline to address Tribble's contention that she is entitled to receive, from other insurance policies or provisions, more funds than the UIM policy limits for her second accident. She alleges that she is entitled to $18,222.50 for personal injury protection (PIP) coverage from the second accident and $25,000 for underinsured motorist benefits for damages caused by the first accident. These issues were not argued to the trial court; thus, they are not properly before this court. Jones v. Stebbins, 122 Wash.2d 471, 479, 860 P.2d 1009 (1993); W.R. Grace & Co. v. Dep't of Revenue, 137 Wash.2d 580, 592, 973 P.2d 1011 (1999) (issues upon which trial court made no determination are not ripe for appellate review). Similarly, Tribble's complaint makes clear that her claims arising out of the July 23 collision were made against Allstate, while her claims arising out of the May 9 collision were made against Williams. The complaint makes no mention of any Allstate UIM liability to Tribble arising out of the May 9 collision. We also reject Tribble's related efforts to now assert this claim under CR 15(b) because the issue was not litigated below. Harding v. Will, 81 Wash.2d 132, 137, 500 P.2d 91 (1972). Likewise, Tribble's complaint did not assert a claim for "bad faith" or for a determination of any PIP issues. We express no opinion as to whether Tribble may pursue such claims in a subsequent action.
[4] Tribble was entitled to an award of attorney fees as Allstate filed for a trial de novo and then failed to better its position as a result of the trial de novo.

The court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo. The court may assess costs and reasonable attorney fees against a party who voluntarily withdraws a request for a trial de novo. `Costs' means those costs provided for by statute or court rule. Only those costs and reasonable attorney fees incurred after a request for a trial de novo is filed may be assessed under this rule.
Mandatory Arbitration Rule (MAR) 7.3.
[5] Rule of Professional Conduct (RPC) 1.5(a) states:

A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly and the terms of the fee agreement between the lawyer and client;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved in the matter on which legal services are rendered and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) Whether the fee agreement or confirming writing demonstrates that the client had received a reasonable and fair disclosure of material elements of the fee agreement and of the lawyer's billing practices.
[6] Allstate appealed the arbitrator's $35,000 award. Obviously, Allstate believed a jury would award Tribble less than $35,000. Tribble's counsel provided $27,000 worth of legal services between the time the notice of de novo appeal was filed and the end of the trial proceedings, in addition to all work performed up to the conclusion of the arbitration. A contingent fee based on a jury award such as that envisioned by Allstate clearly would have been inadequate to compensate Tribble's counsel for all of the time he spent on her case. Actual business risk was clearly involved.
[7] Allstate's assignment of error to the trial court's finding of fact 11, that "plaintiff was forced to assume the burden of legal action against Allstate to recover the benefits she was entitled to receive under an insurance policy," is confusing. In every practical sense, the finding is correct. After Allstate refused to comply with the arbitrator's decision and requested a trial de novo, Tribble could only recover her contractual UIM benefits by litigating her claims in a jury trial. Moreover, this finding was not among the factors cited by the court as a basis for the fee multiplier.
[8] Tribble also requests fees pursuant to Olympic Steamship Co. v. Centennial Ins. Co., 117 Wash.2d 37, 811 P.2d 673 (1991). Under Olympic Steamship, an insured is entitled to recover her attorney fees if an insurer denies coverage without justification. Tribble's complaint did not assert a wrongful denial of coverage. Therefore, Tribble is not entitled to attorney fees on this basis.