# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| PAUL BRAIN and VANESSA HERZOG, husband and wife, on behalf of themselves and a class consisting of the members of the Canterwood Homeowners Association, | No. 56733-4-II<br>Consolidated with No. 56873-0-II |
| Appellants/Cross Respondents, | |
| v. | UNPUBLISHED OPINION |
| CANTERWOOD HOMEOWNERS ASSOCIATION, | |
| Respondents/Cross Appellants. | |

CHE, J.—Paul Brain and Vanessa Herzog (plaintiffs) own property governed by the Canterwood Homeowners Association (HOA). They filed a declaratory judgment action against the HOA as a putative class action on behalf of the members of the HOA seeking to invalidate the Canterwood Architectural Control Committee (ACC) guidelines governing the members' ability to alter vegetation within buffer zones around a golf course and to remove or otherwise limb trees. They sought to invalidate the guidelines based on lack of enforcement or inconsistent enforcement of the guidelines, relying on the equitable defenses of waiver and estoppel.

The plaintiffs moved for class certification. The HOA filed a CR 12(b)(6) motion to dismiss the complaint. The trial court treated the motion to dismiss as a summary judgment motion, granted summary judgment to the HOA, dismissed all of the plaintiffs' claims, and dismissed the motion for class certification as moot. The plaintiffs appeal.

Later, the HOA sought attorney fees based on a provision in the covenants, conditions, and restrictions (CC&Rs). In response, the plaintiffs moved to sanction the HOA for engaging in substantive and procedural bad faith by pursuing the fee motion allegedly in spite of knowledge of controlling adverse legal authority. The trial court denied both motions. The HOA appeals the denial of its request for attorney fees. And the plaintiffs appeal the denial of their motion for sanctions.

We hold that the trial court did not err in granting summary judgment to the HOA and dismissing the plaintiffs' claims because (1) there is no justiciable claim, (2) the plaintiffs' claims were based on the offensive use of equitable defenses, and (3) there was no genuine issue of material fact, and the HOA was entitled to judgment as a matter of law. We decline to reach the class certification issue because the plaintiffs have chosen not to pursue it. Additionally, we hold that the trial court did not err in denying the HOA's motion for attorney fees, nor did it err in denying the plaintiffs' motion for sanctions. We affirm and deny the HOAs request for attorney fees on appeal.

FACTS

Brain and Herzog own property governed by the Canterwood HOA. Brain informed the HOA board that he was unsatisfied with how the ACC approved or denied tree removals in the neighborhood. Subsequently, the plaintiffs filed an action against the HOA putatively on behalf of the members of the HOA seeking injunctive relief and declaratory judgment that the HOA has waived or should be estopped from enforcing certain ACC guidelines, among other things.

## I. CC&Rs & THE ACC GUIDELINES

The CC&Rs established the creation of the ACC. The ACC reviews and acts upon certain proposals and plans. The CC&Rs grant the ACC the authority to issue and amend guidelines for its review of plans to further the purposes of the CC&Rs.

To that end, the CC&Rs require members to submit plans to the ACC for approval before engaging in the "The cutting, damaging, or removal of any tree which is greater than six (6) inches in diameter at a point four (4) feet above the ground level." Clerk's Papers (CP) at 29. Generally, members must also submit plans to the ACC before the removal of plants from "a setback area." CP at 29.

The CC&Rs contain two nonwaiver provisions including a general nonwaiver provision that states:

> No delay or omission on the part of the Declarant or the owners of dwelling units in exercising any rights, power, or remedy provided in this Declaration shall be construed as a waiver of or acquiescence in any breach of the covenants, conditions, reservations, or restrictions set forth in the Declaration. No action shall be brought or maintained by anyone whatsoever against the Declarant for or on account of its failure to bring any action for any breach of these covenants, conditions, reservations, or restrictions, or for imposing restrictions which may be unenforceable.

CP at 42. The CC&Rs also contain a specific nonwaiver provision regarding the ACC that states, "Approval by the ACC of any plans, drawings or specifications shall not be a waiver of the right to withhold approval of any similar plan, drawing, specification, or matter submitted for approval." CP at 29. The ACC guidelines contain an identical specific nonwaiver provision. Of note, the CC&Rs also contain a provision governing the amendment of the CC&Rs.

The ACC promulgated guidelines that outline its general design considerations when evaluating building plans. The ACC's "overriding design goal" is to preserve the native landscape, while specifically providing that "Golf course frontages within the buffer areas shall remain undisturbed or be restored with native or approved equivalent landscaping along the edge of the course." CP at 49. Section 5.2 of the guidelines, which the plaintiffs refer to as the "tree policy," outlines the ACC's position on buffer zones (areas of natural vegetation), tree removal, and the limbing of trees. CP at 56. The ACC strictly prohibits the removal of any vegetation within the buffer zone on member property without its approval. The ACC also requires members to submit plans to the ACC for certain tree removals and limbings. The ACC guidelines contain appeal procedures.

## II. PROCEDURAL HISTORY

In the declaratory relief cause of action, the plaintiffs argued that the HOA has waived or should be estopped from asserting that the tree policy and its authorizing CC&R are enforceable, and the HOA has waived or should be estopped from asserting that the ACC's guidelines are enforceable. The plaintiffs included a second "cause of action," wherein they argued that they were entitled to various forms of injunctive relief, including temporary and permanent injunctions. CP at 88. In the relief section, the plaintiffs also requested class certification under CR 23.

In the first amended complaint, the plaintiffs alleged that they suffered an injury by selective enforcement of the tree removal provision in the guidelines because such enforcement increased the risk of injury to homes and residents, and the amount of tree debris shed caused

4

significant damages to property values.[1]  The plaintiffs also alleged that the golf course drainage system had failed, and thus, damaged their property.  The plaintiffs further alleged that they applied to repair the system, but after no response was received, they undertook the repair themselves.  The HOA notified the plaintiffs that it was reserving the right to seek monetary sanctions.  The plaintiffs emphasized, "This activity is not actually regulated by the Guidelines, in part because the improvements were largely placed on golf course property."  CP at 87.

In response, the HOA moved to dismiss arguing, among other things, that the plaintiffs lacked standing to pursue declaratory relief, the plaintiffs improperly raised equitable defenses in an offensive posture, the nonwaiver provisions in the CC&Rs barred the plaintiffs' claims, and the plaintiffs failed to exhaust their administrative remedies by failing to request an amendment to the CC&Rs.  The plaintiffs moved for class certification.

The trial court granted the motion to dismiss the plaintiffs' class-based claims as a summary judgment.[2]  The trial court ruled that Brain could pursue his claim for damages in his individual capacity.  Having dismissed the class-based claims, the trial court noted that the class certification issue was moot.

After the hearing, the HOA proposed an order, which the plaintiffs objected to, noting that the proposed order failed to comport with CR 56 requirements, and the order referred to a damages claim that the plaintiffs had not brought.  The plaintiffs understood the trial court's oral

---

[1] More specifically, the plaintiffs alleged that the eleven 100-feet-tall Douglas fir trees on their property "shed a massive amount of debris requiring continuous effort to clean up at the same time damaging landscaping, roofing and gutters."  CP at 87-88.

[2] The trial court construed the HOA's CR 12(b)(6) motion to dismiss as a summary judgment motion to consider additional evidence the parties submitted.

ruling as having dismissed their entire case. After correcting the proposed order, the trial court

entered an order dismissing the plaintiffs' entire case and denying their motion for class

certification as moot.

### III. ATTORNEY FEES

The attorney fee provision in the CC&Rs provides,

> The Association and any owner shall have the right to enforce, by any proceedings at law or in equity, all restrictions, conditions, covenants, reservations, liens and charges now or hereafter imposed by the provisions of this Declaration. Should the Association or any owner employ counsel to *enforce* any of the foregoing covenants, conditions, reservations, or restrictions, all costs *incurred in such enforcement*, including a reasonable fee for counsel, shall be paid by the owner found to be in violation of said condition, covenant, reservation, or restriction, or found to be delinquent in the payment of said lien or charge.

CP at 120 (emphasis added). After the plaintiffs' complaint was dismissed, the HOA moved for

attorney fees and costs. The next day, Brain emailed the HOA's counsel, Petra Ambrose,

arguing that her request for attorney fees was frivolous due to *Meresse v. Stelma*, 100 Wn. App.

857, 999 P.2d 1267 (2000). Ambrose withdrew as the HOA's counsel.

The plaintiffs moved for sanctions and *in camera* review of a letter by Ambrose that

appears to relate to the circumstances surrounding her withdrawal. In the sanctions motion, the

plaintiffs argued that the trial court should award them attorney fees under its inherent power to

award sanctions for bad faith conduct because the HOA, in procedural and substantive bad faith,

failed to disclose adverse legal authority in its motion for attorney fees. The plaintiffs also

argued that such conduct violated CR 11.

The HOA argued that the attorney fee provision applied because it enforced the CC&Rs

by utilizing the nonwaiver provision in the CC&Rs to undermine the plaintiffs' claims. The trial

court denied the HOA's motion for attorney fees, allowing only statutory costs to the HOA as prevailing party. The trial court denied the plaintiffs' motion for sanctions.

The plaintiffs appeal the dismissal of all of their claims and the order denying their motion for sanctions. The HOA cross appeals the order denying attorney fees.

ANALYSIS

I. SUMMARY JUDGMENT

A motion to dismiss is treated as a summary judgment motion if the trial court considers matters outside the pleadings. *LaRose v. King County*, 8 Wn. App. 2d 90, 103, 437 P.3d 701 (2019). We review summary judgment orders de novo. *Id.* We may affirm the trial court's decision on summary judgment on any ground supported by the record even if the trial court did not consider the argument. *LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989). To that end, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). Where a fact affects the outcome of the litigation, that fact is material. *Greater Harbor 2000 v. City of Seattle*, 132 Wn.2d 267, 279, 937 P.2d 1082 (1997).

A. *Justiciability*

The plaintiffs argue that the trial court erred in dismissing their complaint because they possess standing to challenge the ACC guidelines on several grounds. We disagree.

Under the Uniform Declaratory Judgment Act (UDJA), courts "shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed." RCW 7.24.010. To that end, "[a] person interested under a deed, will, written

7

contract or other writings constituting a contract . . . may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder." RCW 7.24.020.

To obtain declaratory relief, the party must satisfy the threshold requirement of showing that a justiciable controversy exists between the parties. *Bloome v. Haverly*, 154 Wn. App. 129, 140, 225 P.3d 330 (2010). Courts may refuse to issue a declaratory judgment if issuing a judgment "would not terminate the uncertainty or controversy giving rise to the proceeding." RCW 7.24.060. A justiciable controversy exists where there is a controversy

> (1) presenting an actual, present, and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) involving interests that are direct and substantial, rather than potential, theoretical, abstract, or academic, and (4) of which a judicial determination will be final and conclusive.

*Alim v. City of Seattle*, 14 Wn. App. 2d 838, 847, 474 P.3d 589 (2020). Standing and ripeness are inherent in the four declaratory judgment justiciability requirements. *Id.* Regarding a dispute of whether a view restrictive covenant prohibited the construction of a house on the downhill parcel, Division One held that declaratory judgment was improper. *Bloome*, 154 Wn. App. at 142. Division One reasoned, "In the absence of a dispute over whether actual building plans satisfy the covenant or of other evidence establishing a necessary minimum degree of interference with the view from the uphill property, a declaratory judgment as requested by either party would not conclusively settle the controversy between them." *Id.*

The third prong of the justiciability determination encompasses the standing requirement. *Alim*, 14 Wn. App. 2d at 847. Under the UDJA, the party seeking to establish standing must

8

show that the party is within the zone of interests to be regulated or protected by the statute in question, and the party has suffered an injury in fact. *Amalgamated Transit Union Loc. No. 1576 v. Snohomish County Pub. Transp. Benefit Area*, 178 Wn. App. 566, 572, 316 P.3d 1103 (2013). To establish injury in fact under the UDJA, the party must show personal harm that is "substantial rather than speculative or abstract." *Id.* (quoting *Grant County Fire Prot. Dist. No. 5 v. City of Moses Lake*, 150 Wn.2d 791, 802, 83 P.3d 419 (2004)). An injury in fact may include economic injury. *Grant County Fire Prot. Dist. No. 5*, 150 Wn.2d at 802.

Here, in their declaratory judgment cause of action,[3] the plaintiffs argued that the HOA has waived or should be estopped from asserting that the tree policy and its authorizing CC&R are enforceable because of arbitrary and capricious enforcement. They also argued the HOA has waived or should be estopped from asserting that the ACC guidelines are enforceable. To show their claim is justiciable, the plaintiffs must show, among other things, that there is an actual and existing dispute regarding the ACC guidelines, and that the plaintiffs have standing, which involves showing an injury in fact.

To that end, the plaintiffs alleged they suffered three injuries. First, the plaintiffs claimed they were injured because, after they constructed improvements on the golf-course side of their property regarding a drainage system, the ACC notified them that it reserved the right to seek sanctions against them. The plaintiffs characterize that reservation as a threatened enforcement action, which they argue constitutes an actual dispute based on the guidelines. But this dispute,

---

[3] The plaintiffs' complaint also characterizes their request for injunctive relief as a second cause of action. We do not separately analyze whether the plaintiffs have standing to bring his injunctive relief claim because "an injunction is a remedy, not an independent cause of action." *Markoff v. Puget Sound Energy, Inc.*, 9 Wn. App. 2d 833, 851, 447 P.3d 577 (2019).

to the extent that one exists, cannot create an actual dispute based on the guidelines because the plaintiffs conceded, "This activity is not actually regulated by the Guidelines, in part because the improvements were largely placed on golf course property." CP at 87.

Second, the plaintiffs argue that the selective enforcement of section 5.2 of the guidelines damaged the properties that were required to preserve large numbers of trees as those trees dropped debris onto their lawns and drainage systems. But the plaintiffs have not shown that they applied to the ACC to remove or otherwise alter the trees on their property. Nor is there evidence that the HOA engaged in an enforcement action against them regarding the guidelines, or even threatened such an action. Thus, even assuming that maintaining large numbers of trees damaged their property, there is no justiciable controversy as there is no actual dispute regarding the guidelines.

Finally, the plaintiffs appear to argue they were injured because the CC&Rs may no longer be enforceable due to arbitrary and inconsistent enforcement, which depreciated the value of their property as they would have to report that information in a real estate sale. Assuming that this speculative injury is sufficient to create standing under the third justiciability prong, the plaintiffs must still present an actual, present, and existing dispute to have a justiciable claim under the first prong. As reasoned above, the plaintiffs failed to show the existence of such a dispute. The specter of a possible, dormant, or hypothetical enforcement of the guidelines to the plaintiffs' detriment is insufficient to create a justiciable controversy.

In the plaintiffs' reply brief, they emphasize that a breach of a contract, the CC&Rs in this case, is not a prerequisite to declaratory relief. The plaintiffs are correct that "A contract may be construed either before or after there has been a breach thereof." RCW 7.24.030. But

10

the plaintiffs still must show an actual dispute regarding the guidelines to present a justiciable controversy. They have not done so.

Consequently, we hold that this matter is not justiciable.

B.      *Offensive Utilization of Equitable Defenses*

The plaintiffs appear to argue that the trial court erred by granting summary judgment because their estoppel and waiver claims may be used offensively in a declaratory judgment action. We disagree.

"Equitable estoppel prevents a party from taking a position inconsistent with a previous one where inequitable consequences would result to a party who has justifiably and in good faith relied." *Byrd v. Pierce County*, 5 Wn. App. 2d 249, 258, 425 P.3d 948 (2018). Whereas "waiver is the intentional and voluntary relinquishment of a known right." *Bowman v. Webster*, 44 Wn.2d 667, 669, 269 P.2d 960 (1954). Both waiver and estoppel are equitable defenses. *Mountain Park Homeowners Ass'n, Inc. v. Tydings*, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994). Waiver may be implied or express. *Bowman*, 44 Wn.2d at 669-70. Comparatively, "*waiver* is *unilateral* and arises by the intentional relinquishment of a right, or by a neglect to insist upon it, while an estoppel presupposes some conduct or dealing with another by which the other is induced to act, or to forbear to act." *Id.* Equitable estoppel cannot be the basis of a cause of action because equitable estoppel is not available for offensive use by plaintiffs, even in a declaratory judgment action. *Byrd*, 5 Wn. App. 2d at 257-58, 261.

Here, the complaint did not ask the trial court to interpret the CC&Rs or the ACC guidelines. The declaratory judgment claim was based solely on waiver and estoppel. But

11

equitable estoppel may not be used offensively in a declaratory judgment action. As such, the declaratory judgment action fails to the extent it was based on equitable estoppel.

Next, waiver is an equitable defense used to preclude the enforcement of a covenant. There does not appear to be Washington authority regarding whether equitable waiver may serve as the basis for a cause of action. But generally, "Waiver is not a cause of action because it cannot create liability in and of itself, and a cause of action cannot be based on a waiver. It follows that a waiver is defensive in nature and operates to prevent the loss of existing rights." 28 AM. JUR. 2D *Estoppel and Waiver* § 183 (2022). This reasoning is persuasive.

The HOA has not brought an enforcement action, nor does the record contain a specific ACC decision denying a request from a homeowner. The plaintiffs were not using waiver to preclude the HOA's enforcement of a covenant. Accordingly, waiver was not being used defensively, but improperly as the basis of a cause of action. Consequently, we hold that the declaratory judgment action fails to the extent it was based on waiver.

Relatedly, the plaintiffs argue that the trial court erred in granting summary judgment because "If this Court is not precluded from considering equitable defenses to enforcement of the CCR and Guidelines in the contest [sic] of a declaratory relief action, these defenses involve factual determinations." Br. of Appellant at 26. Because we hold that the equitable estoppel and waiver defenses cannot serve as the basis of the cause of action here, facts regarding whether the

equitable defenses can be proven are not material. Consequently, we hold that there was no genuine issue of material fact, and the HOA was entitled to judgment as a matter of law.[4]

## II. CLASS CERTIFICATION

Initially, the plaintiffs argued that the trial court erred by ruling that they were not entitled to class certification. But the plaintiffs later state that they have not elected to pursue an appeal of the class action issue.

We do not reach this issue because the plaintiffs have chosen not to pursue it.

## III. TRIAL COURT ATTORNEY FEES

On cross appeal, the HOA argues that the trial court erred by not awarding it attorney fees. We disagree.

We review whether a statute or contract authorizes attorney fees de novo. *Gander v. Yeager*, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012). "[W]e review a discretionary decision to award or deny attorney fees and the reasonableness of any attorney fee award for an abuse of discretion." *Id.* The governing documents of a corporation, which include the CC&Rs for HOAs, are reviewed as contracts. *Roats v. Blakely Island Maint. Comm'n, Inc.*, 169 Wn. App. 263, 273, 279 P.3d 943 (2012).

When interpreting a contract, we give undefined terms "their 'plain, ordinary, and popular' meaning" including by reference to standard English dictionaries. *Wm. Dickson Co. v. Pierce County*, 128 Wn. App. 488, 493, 116 P.3d 409 (2005) (internal quotations omitted)

---

[4] Because we hold that the plaintiffs failed to present a justiciable controversy and have unavailingly pleaded causes of action based on equitable defenses, we do not reach the issues surrounding the nonwaiver provision, the business judgment rule, and the amendment provision.

(quoting *Kitsap County v. Allstate Ins. Co*., 136 Wn.2d 567, 576, 964 P.2d 1173 (1998)). To enforce ordinarily means "requiring operation, observance, or protection of laws, orders, contracts, and agreements by authority." *Enforce*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (8th ed. 2002).

Here, CC&Rs authorize attorney fees "to enforce any of the [] covenants, conditions, reservations, or restrictions." CP at 120. The declaratory judgment action was not an action to enforce the CC&Rs. The plaintiffs were not attempting to have the HOA observe or otherwise comply with the CC&Rs. Rather, the plaintiffs sought to invalidate the ACC guidelines. Rendering a covenant unenforceable is not the same as enforcing a covenant.

The HOA argues that the fee provision applies because it enforced the nonwaiver provisions of the CC&Rs against the plaintiffs by filing a motion to dismiss on that basis, and it enforced the CC&Rs more broadly by defeating the plaintiffs' action to invalidate them. But again, seeking to invalidate a provision is not the same as enforcing a provision. Relatedly, defending against the allegation that a covenant is invalid by referencing the effect of another covenant is not the same as enforcing compliance with a covenant.

Additionally, the HOA argues that the plaintiffs repeatedly attempted to enforce the CC&Rs, citing various statements that the plaintiffs' counsel made during this litigation about the HOA breaching its obligations under the CC&Rs. Those statements do not transform this matter into an enforcement action. The HOA fails to point us to any instance in the complaint where the plaintiffs asked for a provision of the CC&Rs to be enforced.

14

The HOA also appears to argue that RCW 4.84.330 creates a standalone basis for attorney fees. RCW 4.84.330 states in pertinent part,

> In any action on a contract or lease entered into after September 21, 1977, *where such contract or lease specifically provides that attorneys' fees and costs*, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.

RCW 4.84.330 (emphasis added). That statute does not provide a standalone basis for attorney fees.

Neither the CC&Rs nor RCW 4.84.330 authorize an award of attorney fees here. We hold that the trial court did not err in declining to grant the HOA attorney fees.

IV. SANCTIONS

The plaintiffs argue that the trial court erred by denying their motion for sanctions requesting attorney fees, among other things, because the HOA engaged in procedural and substantive bad faith by continuing to pursue attorney fees in spite of knowledge of adverse legal authority. Additionally, the plaintiffs contend that the trial court abused its discretion by denying its request for CR 11 sanctions based upon the aforementioned conduct, among other things. The plaintiffs also emphasize that to recover fees, the HOA argues that the present matter is an enforcement action, which is inconsistent with the position it took when arguing that the plaintiffs lacked standing. We disagree with all of the aforementioned arguments.

A. *Substantive and Procedural Bad Faith*

We review the trial court's sanctions decisions for an abuse of discretion. *State v. Gassman*, 175 Wn.2d 208, 210, 283 P.3d 1113 (2012). Where a trial court decision is

"'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons'" the trial court abuses its discretion. *Roats*, 169 Wn. App. at 284 (quoting *Tribble v. Allstate Prop. & Cas. Ins. Co.*, 134 Wn. App. 163, 170, 139 P.3d 373 (2006)).

Trial courts may impose an award of equitable attorney fees due to bad faith litigation. *Rogerson Hiller Corp. v. Port of Port Angeles*, 96 Wn. App. 918, 927, 982 P.2d 131 (1999). Substantive and procedural bad faith in the conduct of litigation may warrant such a sanction. *Id.*; *Maytown Sand & Gravel, LLC v. Thurston County*, 191 Wn.2d 392, 442, 423 P.3d 223 (2018), *abrogated on other grounds by Yim v. City of Seattle*, 194 Wn.2d 682, 451 P.3d 694 (2019).

"Procedural bad faith is unrelated to the merits of the case and refers to 'vexatious conduct during the course of litigation'" including dilatory tactics during discovery, misquoting or omitting material evidence, failing to meet deadlines, and otherwise misusing the discovery process. *Rogerson Hiller Corp.*, 96 Wn. App. at 928 (quoting Jane P. Mallor, *Punitive Attorneys' Fees for Abuses of the Judicial System*, 61 N.C. L. REV. 613, 644 (1983)).

In contrast, substantive bad faith "occurs when a party intentionally brings a frivolous claim, counterclaim, or defense with improper motive." *Rogerson Hiller Corp.*, 96 Wn. App. at 929. Moreover, in addition to a frivolous claim, such claim must be "'brought for the purpose of harassment.'" *Id.* (quoting *Matter of the Recall of Pearsall-Stipek*, 136 Wn.2d 255, 266, 961 P.2d 343 (1998)). Our Supreme Court has noted that "repeated and wholly meritless efforts to recall [a government official] . . . suggests that he may be motivated by spite rather than by a sincere belief in the sufficiency of the recall charges." *Pearsall-Stipek*, 136 Wn.2d at 267. But

because the trial court failed to enter specific findings of bad faith, the Supreme Court held that the trial court abused its discretion by awarding fees. *Id.*

Here, the plaintiffs claimed that the HOA pursued attorney fees in substantive and procedural bad faith as the HOA was aware of *Meresse*, 100 Wn. App. at 857 and *Canterwood Homeowners Ass'n v. Hill Design & Const.*, *Inc.*, No. 33258-2-II, 133 Wn. App. 1001 (2006) (unpublished). Neither of those cases show that the HOA's motion for fees was frivolous.

In *Meresse*, the CC&Rs provided that owners would be entitled to attorney fees for seeking to prevent another owner from violating or attempting to violate the CC&Rs. 100 Wn. App. at 868. The attorney fee provision in *Meresse* is similar, but not identical, to the provision at issue. And the rest of the CC&Rs are not the same. So, whether the present action is an enforcement action under the Canterwood CC&Rs is a distinct inquiry from whether it would have been an enforcement action under the CC&Rs in *Meresse*.

Additionally, the arguments before the trial court were not the same as those before the court in *Meresse*. For instance, the HOA here argued that this action was an enforcement action because it enforced the nonwaiver provision defensively, and such an argument was not before the court in *Meresse*. Therefore, *Meresse* is not controlling.

In *Canterwood Homeowners Ass'n*, the Canterwood HOA sued a builder to recover for violations of the CC&Rs and to enjoin said builder from further construction. 133 Wn. App. 1001, at *1. The HOA requested attorney fees based on the same provision in the CC&Rs that is presently at issue. *Id.* at *2. We denied attorney fees, reasoning that the HOA "brought this action against Hill in [Hill's] capacity as a builder, not as a resident property owner of Canterwood property." *Id.* We disposed of the issue due to the respondent's capacity as a

builder, not based on whether the underlying matter constituted an enforcement action. Accordingly, that case is not persuasive here.[5]

As to the plaintiffs' procedural bad faith argument, the plaintiffs fail to offer any argument as to why the HOA engaged in procedural bad faith in their briefing. Because the plaintiffs present only passing reference to this issue, we decline to consider this argument. RAP 10.3(a)(6) (requiring "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."); *see also Christian v. Tohmeh*, 191 Wn. App. 709, 728, 366 P.3d 16 (2015).

The plaintiffs also appear to argue that the HOA's counsel violated RPC 3.3 by failing to disclose the aforementioned cases, and such a violation is a basis for substantive bad faith. But for the reasons explained above, these cases were not directly on point. And "'breach of an ethics rule provides only a public, e.g., disciplinary, remedy and not a private remedy.'" *Just Dirt, Inc. v. Knight Excavating, Inc.*, 138 Wn. App. 409, 417, 157 P.3d 431 (2007) (quoting *Hizey v. Carpenter*, 119 Wn.2d 251, 259, 830 P.2d 646 (1992)). In sum, the HOA's request for fees was not frivolous.

Under these circumstances, we hold that the trial court did not abuse its discretion in declining to sanction the HOA for bad faith.

---

[5] The plaintiffs also appear to argue that collateral estoppel bars relitigating whether the HOA is entitled to attorney fees under the CC&Rs due to *Canterwood Homeowners Ass'n, Inc.*, 133 Wn. App. 1001, at *2. But collateral estoppel applies only where "the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding." *Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wn.2d 299, 307, 96 P.3d 957 (2004). And, as reasoned above, the attorney fee issue in the 2006 *Canterwood Homeowners Ass'n, Inc.* case did not reach the same issue as is presently before us.

B.    *CR 11*

The plaintiffs argue the trial court erred by not sanctioning the HOA under CR 11 because the HOA argued that this matter was not an enforcement action to defeat the plaintiffs' standing claim, but argued that this matter was an enforcement action to seek fees. The plaintiffs also emphasize that the HOA's counsel withdrew because she believed that the HOA's fee request was meritless.

We review the trial court's decision to issue sanctions under CR 11 for an abuse of discretion. *Skimming v. Boxer*, 119 Wn. App. 748, 754, 82 P.3d 707 (2004). A trial court may impose sanctions under CR 11 "because of a bad faith filing of pleadings for an improper purpose or by filing pleadings that are not grounded in fact or warranted by law." *Id.* And when determining whether sanctions should be granted, the "question is whether a reasonable attorney in a like circumstance could believe his or her actions to be factually and legally justified." *Id.*

Deterring baseless filings and abuses of the judicial system is the purpose of CR 11. *Id.* The court should only impose CR 11 sanctions "when it is patently clear that a claim has absolutely no chance of success." *Id.* at 755. And the movant carries the burden of justifying their request for sanctions. *Id.* at 754-55.

The plaintiffs do not cite any case law regarding CR 11. They do not explain whether the HOA's conduct justifies CR 11 sanctions because the HOA's fee request was filed for an improper purpose or because the HOA's fee request was not grounded in fact or warranted by law.

The general framing of their sur reply indicates that the plaintiffs believe that the HOA's request for fees was not warranted under existing law. As addressed above, the plaintiffs failed to show that the HOA's fee request was frivolous or that it was filed with an improper purpose.

Additionally, the HOA's change in position from its argument that the plaintiffs lacked standing to its later argument to win attorney fees does not show an improper purpose. To show the plaintiffs lacked standing, the HOA emphasized that it had not taken enforcement action prior to the plaintiffs filing of the claim. To show the HOA was entitled to fees, the HOA argued that it enforced the CC&Rs by enforcing the nonwaiver provision to defeat the plaintiffs' claim. These arguments are not inconsistent with each other.

As a reasonable attorney in like circumstances could believe the request for fees was factually and legally justified, we hold that the trial court did not abuse its discretion in denying the plaintiffs' request for CR 11 sanctions.

ATTORNEY FEES ON APPEAL

The HOA requests attorney fees on appeal based on the attorney fee provision in the CC&Rs and RCW 4.84.330—for the same reasons discussed above.

We may award fees on appeal under RAP 18.1(a)-(b), if "applicable law grants to a party the right to recover reasonable attorney fees or expenses on review" and the party properly requests it.

As discussed above, neither the attorney fee provision in the CC&Rs nor RCW 4.84.330 authorize fees here. As such, applicable law does not grant the HOA the right to recover attorney fees. We decline the HOA's request for attorney fees on appeal.

Nos. 56733-4-II, 56873-0-II

CONCLUSION

We affirm the trial court and deny the HOA's request for attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Glasgow, C.J.

Birk, J.*

---

* Sitting in Division II pursuant to RCW 2.06.040 by order of the Associate Chief Justice